## Case No. 1,452.

BIXBY v. JANSSEN et al.

[6 Blatchf. 315.][1]

Circuit Court, S. D. New York. March 13, 1869.

COURTS—JURISDICTION—FOREIGN CONSUL.

Where an action on contract was brought in this court against the persons composing a firm, and the jurisdiction of the court depended wholly on the fact that one of the defendants was a consul in the United States for a foreign power, and it was held that the firm was not liable, but that one of the defendants, other than the consul, was liable, with two other persons, who composed, with him, a former firm: *Held*,

that this court had no jurisdiction to give judgment against such defendant.

[Cited in Froment v. Duclos, 30 Fed. 386.]
[See St. Luke's Hospital v. Barclay, Case No. 12,241.]

This was an action on contract [by Francis M. Bixby, survivor of Humphrey & Co., against Gerhard Janssen, Leopold Schmidt, and others, composing the firm of Janssen, Schmidt & Ruperti], tried before the court without a jury. [Judgment was given for the defendants.]

Spaulding & Richardson, for plaintiff.
Henry D. Lapaugh, for defendants.

BLATCHFORD, District Judge. I do not think, on the evidence, that the firm of Janssen, Schmidt & Ruperti is liable to the plaintiff for the claim sued for. I think, however, that the persons who composed the former firm of J. W. Schmidt & Co., on the 23d of February, 1865, are liable for it. Those persons were John W. Schmidt, Edward Vonderheydt, and the defendant Janssen. The defendant Schmidt, who is consul in the United States for the kingdom of Saxony, was not a member of the firm of J. W. Schmidt & Co. on the 23d of February, 1865. He became such in March, 1865. It is only by reason of his being a foreign consul that this court has any jurisdiction of this action. The defendant Janssen was a member of the firm of J. W. Schmidt & Co. on the 23d of February, 1865, and, as such, is liable to the plaintiff for the claim sued for, according to the written memorandum of that date; but, as the firm of Janssen, Schmidt & Ruperti, as a firm, is not liable for the claim, and there can be no recovery in this suit against the defendant Schmidt, the consul, the jurisdiction of the court to give judgment against Janssen fails, he having been properly sued in this court only as a copartner with the defendant Schmidt, and being, in fact, sued only as a member of the firm of Janssen, Schmidt & Ruperti, and his liability as such copartner not being established. Janssen, though liable, as a member of the firm of J. W. Schmidt & Co. on the 23d of February, 1865, for this claim, must be sued for it in a state court.

I, therefore, find for the defendants.