## FROMENT *v.* DUCLOS and another.

*(District Court, S. D. New York.* April 7, 1887.)

1. CONSULS—ACTIONS AGAINST—JOINT DEFENDANTS—JURISDICTION.

The act of congress of February 18, 1875, which amends Rev. St. U. S. § 711, by repealing the previous express exclusion of the state courts as to jurisdiction over suits against consuls, does not diminish the jurisdiction of the federal courts over the same actions.

2. SAME—DISTRICT COURTS.

Prior to the act of 1875, the reasonable construction of Rev. St. U. S. §§ 563, 711, and of the judiciary act of 1789, giving, up to the passage of the act of 1875, (18 St. at Large, 318,) exclusive jurisdiction to federal courts of "all suits against consuls or vice-consuls," embraced all suits to which the consul or vice-consul was a necessary defendant, because within the general language of the constitution and the acts of congress, and because otherwise there would be no legal redress upon joint obligations where a consul was a necessary co-defendant; and the same construction must still prevail. *Held, therefore,* that a motion to dissolve an attachment against a consul's necessary co-defendant, for want of jurisdiction, should be denied.

Motion to Vacate Attachment.

*Olin, Rives & Montgomery,* for plaintiff.

*Benjamin Yates,* for defendant Duclos.

BROWN, J. On the twenty-third of March last, suit was commenced in this court to recover the value of a bill of goods sold by the plaintiff in October, 1883, to the defendants; and on the same day an attachment was issued, pursuant to the state practice, against the property of the defendant Duclos, a resident of the state of New Jersey. The complaint and affidavit stated that the defendant Fritsch is the Austrian vice-consul at this port. The defendant Duclos now appears for the purpose only of vacating the attachment, on the ground that this court has no jurisdiction of an action against the consul and another defendant, but only in an action against the consul alone.

The seventeenth paragraph of section 563 of the Revised Statutes of the United States gives this court jurisdiction of "all suits against consuls or vice-consuls, except for offenses above the description aforesaid." The exception does not affect this case. The cases cited by the defendant to show that each of the defendants must be amenable to the jurisdiction of the federal courts are all cases relating to suits "between citizens of different states," in which the language of the statute is quite different. See Rev. St. § 629; *Strawbridge* v. *Curtiss,* 3 Cranch, 267; *Coal Co.* v. *Blatchford,* 11 Wall. 172. In those cases the jurisdiction of the federal courts was never exclusive of the jurisdiction of the state courts. But the jurisdiction of the federal courts over consuls and vice-consuls has always been exclusive of the state courts from the passage of the judiciary act of 1789 (1 St. at Large, 76) until the act of February 18, 1875, (18 St. at Large; 318; Rev. St. U. S. § 711.) See *Bors* v. *Preston,* 111 U. S. 252, 261, 4 Sup. Ct. Rep. 407.

Whatever may be the effect of the repeal of the exclusive jurisdiction

of the federal courts as respects consuls by the act last mentioned, that act cannot be construed as intended to diminish the jurisdiction of the United States district courts in actions affecting consuls as it existed before. There is no evidence of any such purpose, and it is not to be inferred. If such a suit as this was maintainable before the act of February 18, 1875, it must therefore be held to be maintainable still. Looking at the question from this point of view, it would seem clear that the jurisdiction of this court in such a case as this should be maintained, whether a similar suit be now maintainable in the state courts or not.

There is no question that such a joint action as this is within the constitutional grant of the federal power, since the constitution expressly declares that this power "shall extend   *   *   *   to all cases *affecting* ambassadors, other public ministers, and consuls." This action is just as clearly also a "suit against a consul or vice-consul," and hence within the very language of the act of congress, (Rev. St. § 563,) although a necessary co-defendant is joined. In the case of *Davis* v. *Packard*, 7 Pet. 276, 284, the supreme court, in referring to the privilege of a suit in the federal tribunals, says that "the privilege is not a personal one," but is "the privilege of the country or government which the consul represents.   *   *   * It was deemed fit and proper that the courts of the government with which rested the regulation of all foreign intercourse should have cognizance of suits against representatives of such foreign governments." These reasons are as applicable to a joint action, including a consul defendant, as to an action against a consul sole defendant.

As the law stood until 1875, the jurisdiction of the federal courts being expressly declared to be exclusive of the state courts, if suit upon a joint obligation could not be brought in this court against both defendants, the obligation could not have been enforced anywhere. In a state court the action against both could not lie, because suit against the consul there was forbidden; and, if the suit were brought there against the other defendant alone, the latter could successfully have pleaded the non-joinder of the consul as defendant; while in the federal court the consul could not have been sued alone, since he would be equally entitled to plead the non-joinder of the other defendant. *Barney* v. *Baltimore City*, 6 Wall. 280, 286. The act of February 28, 1839, (5 St. at Large, 321, § 1; Rev. St. U. S. § 737,) does not apply in regard to persons who are inhabitants of the district, or are found therein, and that statute, therefore, would not extend to this case. It certainly was not the design of the judiciary act in giving exclusive jurisdiction to the district courts in suits against consuls, to debar suitors of all legal redress upon contracts in which a consul was a joint obligor. The necessary alternative is that suits against both jointly must have lain either in the federal court, or else in the state court; and, as the general language of the statute excluded state courts, the reasonable construction of the phrase "all suits against consuls or vice-consuls" must be to apply it, in its general and extended sense, to all suits in which consuls or vice-consuls were necessary parties defendant.

In the case of *Bixby* v. *Janssen*, 6 Blatchf. 315, an action similar to

this was brought and determined upon the merits; and, though the complaint was there dismissed as against third persons on the ground that the joint liability of the consul was disproved, the clear inference from the decision is that otherwise the suit would have been sustained.

The motion to vacate should be denied.