POOLEY v. LUCO et al.

(District Court, S. D. California. August 31, 1896.)

No. 859.

1. FEDERAL COURTS—JURISDICTION—SUITS AGAINST CONSULS.
    The constitutional provision giving to the supreme court "original jurisdiction" in all cases affecting ambassadors, other public ministers, and consuls (article 3, § 2) does not make that jurisdiction exclusive; and Rev. St. § 687, which provides that such jurisdiction shall not be exclusive in suits to which a consul is a party, and section 563, subd. 17, which confers upon the district court jurisdiction in the latter class of suits, are constitutional and valid.
2. SAME—DISTRICT COURTS—EQUITY JURISDICTION.
    The federal district courts have jurisdiction in equity (Rev. St. § 563, subd. 17, also Id. §§ 574, 631), and may take cognizance of a suit to foreclose a mortgage on land situated in their districts.

This was a foreclosure suit brought by O. Pooley against Juan M. Luco and others. The cause was heard on demurrer to the bill for want of jurisdiction.

Allen & Flint, for complainant.
Cole & Cole, for defendants.

WELLBORN, District Judge.    This is a suit to foreclose a mortgage on lands situated in San Diego county, Southern district of California.    One of the defendants, Juan M. Luco, is consul general of the republic of Chile, duly accredited to the government of the United States, and resident at San Francisco, Cal.    Said defendant, by demurrer, challenges the jurisdiction of the court, and, in his brief, urges two grounds:

1. That so much of section 687 of the Revised Statutes of the United States as provides that the jurisdiction of the supreme court, in suits to which a consul is a party, shall not be exclusive, is in violation of the first clause of the second paragraph of section 2, art. 3, of the constitution of the United States, said paragraph being as follows:

"In all cases affecting ambassadors, other public ministers, and consuls, and those in which a state shall be a party, the supreme court shall have original jurisdiction. In all other cases before mentioned the supreme court shall have appellate jurisdiction, both as to law and fact, with such exceptions and under such regulations as the congress shall make."

Defendant's argument is that the word "original," in this paragraph, is synonymous with "exclusive," and therefore congress has no power to confer upon any other than the supreme court jurisdiction over a suit to which a consul is a party.    This argument, while not so expressed in defendant's brief, also applies, of course, to subdivision 17 of section 563 of the Revised Statutes of the United States, which subdivision provides that the district courts shall have jurisdiction, with an exception not material here, "of all suits against consuls."    Said subdivision, and the above-mentioned provision of section 687, are, in my opinion, constitutional.    The significance which defendant ascribes to the word "original" is not in harmony with its commonly accepted meaning, nor is it warranted by the context.    In the paragraph of the constitution above quoted, the word "original" is used solely in contradistinction to the word "appellate," and this use indicates that the former of said words was not intended to make exclusive the jurisdiction which it otherwise qualifies.

2. Defendant contends in the next place that the district courts of the United States have no equity jurisdiction, and therefore cannot entertain suits of this character.    To this I cannot agree.    If there were no legislation by congress on the subject other than subdivision 17 of section 563 of the Revised Statutes, I should hold that subdivision amply sufficient to confer equity jurisdiction on the district courts in the cases therein mentioned.    Complainant, however, cites other constitutional provisions and acts of congress which clearly and indisputably recognize equity powers in the district courts.    Sections 1 and 2 of article 3 of the constitution provide that the judicial power of the United States shall be vested in one supreme court, and such inferior courts as congress may establish, and that such judicial power shall extend to all cases in law and equity.    The sections of the Revised Statutes cited by complainant in this connection are 574 and 631.    The first of these sections provides that "the district courts, as courts of admiralty and as courts of equity, so far as equity jurisdiction has been conferred upon them," etc.    Section 631

provides that "from all final decrees of a district court in causes of equity or of admiralty and maritime jurisdiction," etc. Defendant's argument, however, need not be further pursued, since the question of jurisdiction in suits like the present has been authoritatively determined favorably to the complainant by the supreme court of the United States. Ex parte Baiz, 135 U. S. 403–432, 10 Sup. Ct. 854. See, also, Froment v. Duclos, 30 Fed. 385. I am clearly of the opinion that this court has jurisdiction of the present suit. The demurrer will be overruled, and defendant assigned to answer the bill within two weeks after the next rule day.