Charles **ANDERSON**, Plaintiff,

v.

Vasco A. **VILLELA** and Ruy Villela, **Defendants.**

Civ. A. No. 62–69–F.

United States District Court
D. Massachusetts.

Nov. 9, 1962.

Sumner Z. Kaplan, Kaplan & Kaplan, Boston, Mass., for plaintiff.

William A. Cotter, Jr., Parker, Coulter, Daley & White, Boston, Mass., for defendants.

FORD, District Judge.

This is an action for damages for personal injuries in which one of the

two defendants moves for judgment dismissing the action as to him on the ground that the court is without jurisdiction as to him.

The sole basis for jurisdiction set forth in the complaint is 28 U.S.C.A. § 1351, which provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of all actions and proceedings against consuls or vice consuls of foreign states." The defendants here are Vasco A. Villela, the owner of the motor vehicle alleged to have caused plaintiff's injuries, and his son Ruy Villela, who is alleged to have been the driver of the vehicle. The complaint alleges that Vasco is a consul, and he does not appear to challenge the court's jurisdiction as to the action against him. The sole issue raised by Ruy Villela's motion to dismiss is whether § 1351 gives this court jurisdiction over the action as against him, since no other basis of jurisdiction is alleged in the complaint.

Ruy Villela is not himself a consul or vice consul. However, plaintiff contends that § 1351 should be interpreted as applying to members of the family of a consul as well as to the consul personally. He argues that just as the diplomatic immunity from suit of ambassadors and other envoys extends to members of their families, so the immunity of a consul from suit in a state court should be extended to members of the consul's family. The analogy is not persuasive. The diplomatic immunity of ambassadors and other envoys and the members of their suites rests on a principle of international law which has been recognized and applied by our courts. Under international law a consul does not enjoy any such immunity, at least as to suits not based on his official acts within the scope of his duties as consul. Coppell v. Hall, 7 Wall (74 U.S.) 542, 553, 19 L.Ed. 244; The Anne, 3 Wheat. (16 U.S.) 435, 445, 446, 4 L.Ed. 428; Arcaya v. Paez, D.C., 145 F.Supp. 464, affirmed 2 Cir., 244 F.2d 958. Such immunity as a consul enjoys from suit in a state court is not one based on international law but is conferred solely by statute, and in fact Congress has not always expressly provided for exclusive federal jurisdiction over actions against consuls. Bors v. Preston, 111 U.S. 252, 261, 4 S.Ct. 407, 411, 28 L.Ed. 419. Hence there is no basis for concluding that the scope of any immunity conferred by § 1351 should be co-extensive with the scope of diplomatic immunity under international law.

Neither has any ground been shown for holding that Congress intended § 1351 to have such a broad scope. In 28 U.S.C.A. § 1251(a) (2) the Supreme Court is given original and exclusive jurisdiction of "All actions or proceedings against ambassadors or other public ministers of foreign states, or their domestics or domestic servants, not inconsistent with the law of nations." In § 1251(b) (1) the Supreme Court is given original but not exclusive jurisdiction of: "All actions or proceedings brought by ambassadors or other public ministers * * * or to which consuls or vice consuls of foreign states, are parties." Thus where the broad scope of diplomatic immunity was in question, as in § 1251(a) (2), its extension to others than the envoy himself was expressly spelled out. The absence of similar language as to domestics or domestic servants in § 1251(b) (1) and similarly in § 1351 thus indicates the Congressional intent to make those sections applicable only to the individuals designated and not to their families.

Plaintiff also argues that this court has jurisdiction of the action against Ruy because it is joined with one against Vasco of which the court does have jurisdiction. In Froment v. Duclos, 30 F. 385, it was held that the district court had jurisdiction over an action against a consul and another defendant as to whom no independent basis for jurisdiction existed. But in that case the basis for the ruling was that the two defendants were being sued as joint

obligors and hence both were necessary parties to the action. Where the other defendant is not a necessary party it has been held that the district court had no jurisdiction merely because he was joined with the consul. Bixby v. Janssen, 3 Fed.Cas.No.1,452. Here Ruy is not a necessary party to the action against the consul. While in an action for personal injuries caused by a motor vehicle the owner and the driver may be joined as defendants in the same action, they may be and frequently are made defendants in separate actions. There is no basis for plaintiff's contention that in an action against Ruy in the state court to which Vasco could not be made a party, plaintiff would be deprived of any of the benefits of the Massachusetts compulsory automobile insurance statute.

Plaintiff further argues that since this court has jurisdiction of the action against Vasco it has ancillary jurisdiction over the claim against Ruy. He cites cases where it was held that the district court has jurisdiction over a third-party claim even though jurisdiction would be lacking if the claim were made the subject of an independent action. No third-party claim is involved here. The claims against these two defendants are on equal footing. Neither can properly be considered as subordinate to or ancillary to the other. The more appropriate analogy would be the situation where a plaintiff brought an action in this court on the basis of diversity of citizenship against a driver of a motor vehicle residing in the same state as plaintiff, and the owner of the vehicle residing in a different state. Clearly in that case the absence of diversity between plaintiff and the driver defendant could not be overcome by resort to any theory that the action against the driver was ancillary to that against the owner.

The motion of defendant Ruy Villela is allowed and the action will be dismissed as against him.