## Swayne *versus* Lyon.

1. Under a contract for land, the vendee has a right not merely to a good but an indubitable title; only such a title is marketable.

2. A title which exposes the vendee to litigation is not marketable.

3. An action was brought against husband and wife, the service on the wife was not personal, a general appearance was entered. The first two counts of the declaration were for materials, &c., furnished at the request of the wife for the improvement of her separate real estate and averred her liability. The common counts were added averring indebtedness of both. Judgment was confessed generally in open court for the plaintiff under which the wife's separate estate was sold. *Held*, that the purchaser could not convey a marketable title.

4. The common counts set out a different cause of action from the others, and a general verdict and judgment against the wife would have been erroneous.

5. A plea of coverture was not needed, the suit being against her as a married woman, and on a collateral proceeding she might show that the debt recovered was not on the first two counts and had not been contracted by her for the improvement of her estate.

6. When a former judgment is relied on it may be shown by evidence not inconsistent with the record, that the particular point was not adjudicated.

7. Collaterally there may be a valid judgment on a declaration showing no cause of action, but not as against a married woman.

8. Every judgment against a married woman which does not show her liability on its face is void.

9. In a suit on a contract of a married woman which is absolutely void, her confession of judgment in open court would be invalid.

10. The purchaser of the wife's land contracted to sell; a recovery against his vendee in a suit for the purchase-money would not conclude the wife, who might thereafter show that the judgment was not binding on her.

February 7th 1871. Before Thompson, C. J., Agnew, Sharswood and Williams, JJ. Read, J., at Nisi Prius.

[Swayne v. Lyon.]

Error to the District Court of *Philadelphia:* No. 207, to July Term 1870.

This was an amicable action of covenant between Edward Lyon, plaintiff, and Franklin Swayne, defendant, filed June 29th 1870.

The following facts were agreed on in a case stated in the action.

On the 11th of February 1865, Sarah H. Jermon, the wife of J. Wagner Jermon, was the owner of a lot of ground at the corner of Broad and Oxford streets, Philadelphia; about that time she contracted with William A. Arnold for various articles for the improvement of the buildings on the lot. On the 2d of February 1867, Arnold commenced an action of assumpsit against Jermon and his wife.

The sheriff returned to the writ:—

"Served by giving a true and attested copy of the within writ, to J. W. Jermon, one of the defendants, and making known to him the contents thereof, February 2d 1867, and by serving a true and attested copy of the within writ, at the dwelling-house of S. H. Jermon, the other defendant, with an adult member of her family, February 2d 1867."

On the 11th of the same month the plaintiff filed a copy of his book entries of charges made against Mrs. Jermon, which consisted exclusively of articles used in improving the real estate and amounted to $312.69; the account was from August 21st to November 11th 1865 inclusive. A general appearance was entered to the suit by Messrs. Vail and Stroud. On the 13th of February 1867, judgment was taken against the defendants for want of an affidavit of defence, and the damages were assessed at $336.77. A rule to open the judgment was made absolute March 16th 1867. On the 21st of March a declaration was filed. It set out in 1st count that " S. H. Jermon, wife of the said J. Wagner Jermon" was indebted to the plaintiff "in the sum of $5000, for goods and other necessary things by the plaintiff then and there found and provided and used and applied in and about the improvement and for the benefit of certain messuages and real estate being then and there the separate estate of the said S. H. Jermon at her special instance and request; and also in the further sum of $5000, for the work and labor, care and diligence of the plaintiff, by him before that time performed and bestowed in and about the improvement and for the benefit of the aforesaid messuages and other real estate then and there being the separate estate of the said S. H. Jermon and at her like special instance and request. By reason whereof and by force of the Act of Assembly in such case made and provided, the said S. H. Jermon became liable to pay to the plaintiff the said several sums above-mentioned, when she should be thereunto afterwards requested." In 2d count, that "the said defendants were indebted to the plaintiff in the

[Swayne *v.* Lyon.]

sum of $5000, for goods and other necessary things by the plaintiff before that time found and provided and used and applied in and about the improvement and for the benefit of certain messuages and real estate being then and there the separate estate of the said S. H. Jermon, the wife of the said J. Wagner Jermon, at her special instance and request, and at the special instance and request of the said J. Wagner Jermon; and also in the further sum of $5000, for the work and labor, care and diligence of the plaintiff before that time performed and bestowed in and about the improvement and for the benefit of the aforesaid messuages and other real estate then and there being the separate estate of the said S. H. Jermon and at the like special instance and request. By reason whereof and by force of the Act of Assembly in such case made and provided, the said defendants became liable to pay to the plaintiff in the manner and form therein provided the said several sums of money above-mentioned, when they should be thereunto afterwards requested."

There were also all the common counts, in each of which the plaintiff laid an indebtedness of the defendants of $50,000.

On the 21st of May 1867, judgment was confessed in open court in favor of the plaintiff for $341.38, with stay of execution for six months. Execution was issued on the judgment, and on the 3d of January 1870, the land was sold to Edward Lyon, the plaintiff, for $2000. An auditor was appointed to distribute the fund arising from the sheriff's sale. Mrs. Jermon appeared before the auditor by counsel, and claimed the balance of the fund after the payment of the liens.

On the 29th of April 1870, the plaintiff entered into an article of agreement to sell to the defendant the lot which he had bought at the sheriff's sale as the property of Mrs. Jermon, the purchase-money to be $3000, of which $1500 were to be paid on the succeeding 8th day of May and the remainder in one and two years. On the 9th of May 1870, the plaintiff tendered a deed for the lot and demanded the first payment, the defendant declined to make the payment and accept the deed, alleging that the title was not " good and marketable." This action was for the recovery of the first payment of $1500. It was agreed that if the court should be of opinion that the plaintiff had " a good and marketable title," judgment to be entered for the plaintiff for $1500; if not judgment to be entered for the defendant.

The court, (Thayer, J.,) directed judgment to be entered for the plaintiff according to the case stated.

The defendant took out a writ of error, and assigned the entering of judgment for error.

*C. S. Pancoast*, for plaintiff in error.—The judgment confessed is a void judgment, as to the wife, and a purchaser under it does

[Swayne v. Lyon.]

not take a marketable title: Dorrance v. Scott, 3 Whart. 313; Kerper v. Helfricker, 6 Wright 325; Caldwell v. Walters, 6 Harris 79; Keen v. Coleman, 3 Wright 299; Steinman v. Ewing, 7 Id. 63; Glyde v. Keister, 8 Casey 87. She has no legal capacity to authorize the confession: Glidden v. Strupler, 2 P. F. Smith 400. She cannot submit herself to an award: 1 Comyns Dig. 649; Pullen v. Rianhard, I. Wh. 518; Gratz v. Phillips, 1 Penna. R. 357; Nicholl v. Jones, 4 Law Rep. Eq. Cases 696. She cannot act by attorney: Pres. on Cont. 177; Graham v. Jackson, 9 Jur. 275. Where it is intended to proceed against the separate estate of the wife, there must be personal service on her, and in the conduct of the suit she must be treated as a feme sole: Dyer v. N. Am. Coal Co. 20 Wend. 570; Jones v. Harris, 9 Ves. Jur. 488; Ferguson v. Smith, 2 Johns. Ch. R. 139; Lillia v. Airey, 1 Ves. Jr. 277; Murray v. Keyes, 11 Casey 384; Parke v. Kleeber, 1 Wright 251. There are counts for debts for which the wife would not be liable, although she might be on the first two counts: Mahon v. Gormley, 12 Harris 83; Heugh v. Jones, 8 Casey 433; Bear v. Bear, 9 Casey 525; Lippincott v. Hopkins, 7 P. F. Smith 328.

*A. V. Parsons*, for defendant in error.—The judgment was valid: Lippincott v. Hopkins, 7 P. F. Smith 328; Murray v. Keyes, 11 Casey 384; Mahon v. Gormley, 12 Harris 80; Evans v. Meylert, 7 Id. 402; McCullough v. Wilson, 9 Harris 436. Even if the judgment might have been reversed the sale under it passed the title: Stiles v. Bradford, 4 Rawle 401; Hazlett v. Ford, 10 Watts 101; Martin v. Rex, 6 S. & R. 296; Warder v. Tainter, 4 Watts 286; Hiester v. Fortner, 2 Binn. 40.

The opinion of the court was delivered, February 16th 1871, by SHARSWOOD, J.—It has been well and wisely settled that under a contract for the sale of real estate, the vendee has the right not merely to have conveyed to him a good but an indubitable title. Only such a title is deemed marketable; for otherwise the purchaser may be buying a lawsuit, which will be a very serious loss to him both of time and money, even if he ultimately succeeds. Hence it has been often held that a title is not marketable where it exposes the party holding it to litigation: Ludwick v. Huntzinger, 5 W. & S. 51; Bumberger v. Clippenger, Id. 311; Colwell v. Hamilton, 10 Watts 413; Speakman v. Forepaugh, 8 Wright 363. Unless, then, in this case Mrs. Jermon, or those claiming under her, would be absolutely concluded by the judgment under which the sheriff's sale took place, which constitutes the foundation of the vendor's title, from controverting her liability for the debt for which that judgment was confessed, in an action of ejectment to be hereafter brought for the property, the

[Swayne *v.* Lyon.]

purchaser will be exposed to the annoyance and peril of such litigation.

It is unnecessary to decide how the case would have stood, if, in the declaration filed in the suit of Arnold *v.* Jermon & Wife, there had been no counts but the first and second, which set out a contract by Mrs. Jermon, or by her husband at her instance and request, for materials furnished and work and labor done in and about the improvement, and for the benefit of her separate estate. It was decided in Lippincott *v.* Hopkins, 7 P. F. Smith 328, that a married woman is liable on such a contract; and it may logically follow that a judgment rendered against her for it, whether by default, confession or verdict, will have all the leading characteristics of a judgment against a person *sui juris*. When the law makes her competent to contract in any particular case, it clothes her, as a logical consequence, with all the capacity necessary to give a full remedy to the party with whom she contracts. She has therefore the *persona standi in judicio*, but only in that particular case. Such appears to be the principle upon which Evans *v.* Meylert, 7 Harris 402, and McCullough *v.* Wilson, 9 Id. 436, were determined. In both these cases the judgments were upon mortgages by the wife of her land, duly acknowledged separate and apart from her husband—a contract as to her real estate which she was in that way competent to make.

The law necessarily annexes to the judgment on the scire facias by the mortgagee, or his assigns upon such a mortgage, all the legal incidents of such a judgment against any other defendant. If this were not so his remedy would be defective, inadequate and incomplete. The mortgaged estate would never command a full and fair price at the sheriff's sale, if the vendee could have his title afterwards contested by the wife on the ground that she had never executed the mortgage, or had done so by duress, coercion or fraud; or, that the debt to secure which it had been given was satisfied and paid. The purchaser need not look beyond the record, which shows conclusively a contract, by which the wife's title is bound. To impeach the mortgage would be to contradict the record. Evidence to do this would be inadmissible; and the purchaser would be, therefore, perfectly safe and clear of litigation. That is as clear as any title can be, since unfounded claims may be set up, and actions of ejectment brought against persons owning estates with the most undoubted title.

This brings us to the question upon which this controversy must necessarily hinge. Could Mrs. Jermon, or those claiming under her, in an action of ejectment to be brought against the vendee, be permitted to show that the debt for which the judgment was confessed was not contracted by herself or her husband, at her instance, for the improvement of her separate estate? Would such evidence contradict the record?

.[Swayne *v.* Lyon.] ·

The learned judge of the District Court, in his able opinion, after stating the first count of the declaration, in Arnold *v.* Jermon & Wife, adds: "The same cause of action is variously set forth in other counts." But herein he appears to have fallen into an error. Had the fact been as thus stated, his conclusion might have been supported. The third count, which is the usual general one, including all the common counts in one count, does not set out the same but a different cause of action. A general verdict and judgment on the declaration would have been erroneous as against the wife. The third count shows no good cause of action as against her. It lays a joint promise by husband and wife to pay for goods sold and delivered, work done and materials provided, &c., for the defendants at their request, which is held bad in Grasser *v.* Eckert, 1 Binn. 575. No plea of coverture was needed; for the suit was against her as a married woman, naming her throughout as the wife of J. Wagner Jermon. In a collateral proceeding, as it seems, it would be competent for her to show that the debt recovered was not upon the first and second, but under the third count—that it was not a debt contracted by herself or at her instance for the improvement and benefit of her real estate. It certainly would not contradict the record, but be entirely consistent with it. Whenever a judgment in a former action is relied on as conclusive, it may be shown by evidence *aliunde* not inconsistent with the record, that the particular point was not adjudicated: Coleman's Appeal, 12 P. F. Smith 252.

An erroneous judgment is not necessarily a void judgment. Collaterally there may be a valid judgment upon a bad declaration—a declaration showing no legal cause of action whatever. But I apprehend that cannot be as against a married woman. Every judgment against her which does not show on its face her liability, is a void judgment. This is the principle of Caldwell *v.* Walters, 6 Harris 79. The declaration in that case was upon a bond, which was void; the judgment confessed upon it under the warrant of attorney was therefore void. So would have been a judgment upon a verdict. We have here a general judgment. On some counts it would be good, on others bad. There is therefore no technical difficulty in the way of the wife's giving evidence to show that the judgment as to her is not simply an erroneous but a void judgment on a contract absolutely void. It may even be admitted that in the collateral suit the presumption will be that the judgment was for a cause for which a recovery could be had against a married woman. It does not follow that such a presumption is conclusive. The *onus* may be on the wife. To hold that she could not attack the judgment collaterally, would lead to the very startling conclusion that in any judgment against a husband and wife her real estate could be levied on, and her

[Swayne *v.* Lyon.]

title divested by a sheriff's sale. The argument that has been so earnestly pressed, founded on the 9th section of the Act of 1705, 1 Smith 61, would certainly go that length, if it has any applicability. It is well met and answered by Mr. Justice Chambers, in Caldwell *v.* Waters, 6 Harris 84.

It may be urged, and with some plausibility, that although this may be true when the judgment is general upon verdict or by default, yet it is otherwise upon confession. Such a judgment would not be reversed on error, because some of the counts in the declaration are bad, much less be impeached collaterally. This may be conceded as to a defendant *sui juris*. Such a confession would be good without any declaration—nay, without process, service or appearance. It involves a release of all errors in the process and pleadings. It would be a valid security, though without consideration: Sherk *v.* Endress, 3 W. & S. 257. But is a married woman competent to this? Her power to bind herself, and consequently her separate estate, being limited, her power to confess judgment must be under the same limitation. If she cannot contract *simpliciter*—if her contract is absolutely void—her confession in court or elsewhere cannot give it validity. When the record shows a proceeding against her on a contract for the improvement and repair of her separate estate, it may be that she would be concluded, because she could not contradict the record, but only because of that rule of evidence.

It is not necessary, however, that we should advance a positive opinion upon this question. It is enough that there are serious doubts about it. Mrs. Jermon is not a party to this suit. She would not be concluded by our judgment in it if adverse to her title. She will have a right hereafter to be heard upon it if she can show that, in point of fact, the judgment was not binding upon her. As was said by Mr. Justice Rogers in Bumberger *v.* Clippinger, 5 W. & S. 315, where the question was upon the constitutionality of an Act of Assembly authorizing a tenant for life with remainder to her children to sell in fee simple, "Who can assure the title to the purchaser? We cannot warrant the estate to him, for no decision that can be now made will conclude the vested rights of the children. When the time arrives which vests their rights in possession, the then Supreme Court will be at liberty to disregard our opinion as authoritative and binding upon them."

Judgment reversed, and now judgment for the defendant below on the case stated.