## Moyer, Appellant, *v.* DeVincentis Con. Company.

Argued October 7, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Emanuel Moss* of *Moss & Moss,* for appellant.

*Robert Mair,* and with him *Ormond Rambo* and *Wayne P. Rambo,* for appellee.

Opinion by Parker, J., January 25, 1933:

Plaintiff by written agreement dated January 28, 1932, contracted to purchase from defendant "premises 800 Darnell Avenue Yeadon Del. Co.", 'for the sum of seven thousand dollars, the property to be conveyed "free and clear of all liens and encumbrances, excepting existing restrictions and easements, if any." Vendor was paid five hundred dollars when the contract was executed, and it was stipulated that "title is to be good and marketable and such as will be insured at regular rates by any responsible Title Insurance Com-

pany; otherwise the buyer shall be repaid his deposit money paid on account'' and be reimbursed for cash outlay for title insurance or drawing papers. The agreement provided that final settlement should be made on or before March 12, 1932, and that "time should be the essence of this agreement". The plaintiff, learning that the house on the premises was built by the defendant contrary to a zoning ordinance, in that the ordinance required the building to be set back at least twenty-five feet from the street when it was, in fact, set back only twenty-two feet, refused to make further payment. For this and other reasons, with which we are not concerned, he brought suit for the amount advanced. The defendant filed an affidavit of defense admitting the location of the house and made counter claim for the balance of the purchase money. Thereupon rules were granted to show cause why judgment should not be entered for want of a sufficient affidavit of defense and the counter claim stricken off. Both of these rules were discharged, and the plaintiff has appealed from such orders.

The zoning ordinance in question was enacted by virtue of the authority granted by the Act of June 29, 1923, P. L. 957, and provided that "in case any building or structure is erected, constructed......or maintained, or any building, structure or land is used...... in violation of this ordinance" appropriate proceedings may be had to prevent the occupancy of the building and prevent the illegal construction, maintenance, or use. It also provided that in the case of the violation of any of the provisions of the ordinance, the owner of such building or premises shall be liable on conviction to a fine of twenty-five dollars and that whenever he has been notified by the building inspector or by service of summons and a prosecution or in any other way that he is committing such violation, each day's con-

tinuance of such violation shall constitute a separate offense punishable by a like fine or penalty.

The case turns on the proper construction of the agreement of purchase and particularly the phrase, "excepting existing restrictions and easements, if any". The lower court in a per curiam opinion discharging the rules referred to this clause and said: "Even assuming, therefore, for the sake of argument, that the effect of the zoning ordinance is to impose a restriction upon the property which would make the title unmarketable, the purchaser cannot complain of this in view of the express clause in the agreement above referred to." A reference to the respective positions of the parties is an aid to a solution of the problem presented. The appellee states it thus: "The question to be decided is whether the zoning ordinance which was passed three years before this agreement was signed, is an encumbrance or a restriction." The appellant states the question as follows: "If in the construction of a building there has been a violation of a zoning ordinance, is such a violation a cloud upon the title so as to make the same unmarketable?" If the case turned upon the question propounded by appellee, we would have no difficulty. There is considerable authority in other states for the proposition that a zoning ordinance is generally not an encumbrance. See Lincoln Trust Co. v. Williams Building Corp., 229 N. Y. 313, 128 N. E. 209; Moss v. Rubenstein, 191 N. Y. 494. While the point has not been specifically decided, insofar as we can discover, in this state, our own decisions lean that way. In any event, the precise terms of the agreement—existing restrictions—cover the situation, for a zoning ordinance is comprehended under the term restrictions. In fact the purport of the argument of appellant is to that effect. The real question as we see it is substantially as stated by the vendee who complains not of the ordinance or the restrictions in the

ordinance, but rather of the fact that a building has been constructed in violation of the very terms of the zoning ordinance subject to which vendee agreed to buy.

We are of the opinion that a proper construction of the agreement of sale supports the position of appellant, the vendee in the agreement. The vendor agreed to furnish a good and marketable title free from liens and encumbrances excepting existing restrictions and easements, if any. As applied to the facts of the case in hand, vendee agreed to purchase the premises subject to the zoning ordinance but not to purchase the premises, when the house was built in violation of the terms of that ordinance.

The facts lend weight to the force of this construction. It appears from the pleadings that the premises to be conveyed embraced not only the bare land, but an entire parcel of real estate which included a semi-detached dwelling. The description is not by metes and bounds but by house number. The vendee could not take possession without immediately becoming a violator of the law and subject to suit with a penalty of twenty-five dollars for every day the building remained in position overlapping the protected area.

The title was not marketable, not because of an existing zoning ordinance, but because a building had been constructed upon the lot in violation of that ordinance. One is not compelled to purchase under an agreement for sale of real estate where there is a reasonable doubt as to title or where the title is in such condition that the purchaser will be exposed to litigation. "Every title is doubtful which invites or exposes the party holding it to litigation": Speakman v. Forepaugh, 44 Pa. 363, 371. "It has been often held that a title is not marketable where it exposes the party holding it to litigation": Swayne v. Lyon, 67 Pa. 436.

If the vendee had accepted tender, he would have been immediately liable to become involved in litigation. The vendor agreed to convey the entire house. He could not convey marketable title to the entire house, although it was on the premises and described by house number.

We may approach the problem from another angle which leads to the same conclusion. "Ordinarily the title is rendered unmarketable where buildings located on adjoining premises encroach on the land sold. This is also true where buildings on the land sold encroach on the adjoining premises title to which is not in the vendor or where they encroach on a public street": 27 R. C. L. 508. However, the encroachment must be a substantial one. The rule may be better stated in this language: Any substantial encroachment of a building upon adjoining land of a private owner or the public renders the title to the land on which the building is located unmarketable, in the absence of title in the seller to the land covered by the encroachment or provision therefor in the agreement. While the fact as to whether there is an encroachment is a question for the jury, here it is admitted that the encroachment was three feet on the front of the house. In the case of Doutney v. Lambie, 78 Atl. 746, it was held by the Court of Errors and Appeals in New Jersey that where the front of a building encroached two inches on the highway, as a matter of law, the title was not marketable. See note to Justice v. Button, 38 L. R. A. (N. S.) 33. The purchaser in this agreement is not in any better position legally than if the house had encroached upon the street or upon the premises of an owner other than the vendor.

The appellee also contends that the buyer had knowledge of the zoning ordinance and ample opportunity before signing the agreement to ascertain the set back if he desired to do so. However, as the contract ex-

pressly provides that the land is to be conveyed free of encumbrances and easements, the purchaser cannot be required to take it even though he knew of the encumbrances or easements at the time of making the contract: McDermott v. Reiter, 279 Pa. 545; Ritter v. Hill, 282 Pa. 115, 120.

In conclusion, we call attention to the fact that the counter-claim is in effect a bill for specific performance. "It is controlled by the same equitable principles, and the rule must be applied that the vendee is not to be compelled to take a doubtful title, and 'every title is doubtful which invites or exposes the party holding it to litigation' ": Ritter v. Hill, supra. Also see the last mentioned case for a very able discussion of the subject of easement, restrictions, and marketable title, a case where there was the same exception as is contained in the agreement which we are considering, although the question involved was somewhat different.

The orders of the lower court refusing judgment for want of a sufficient affidavit of defense and refusing the motion to strike off the counter-claim are reversed, and the record is remitted to the court below, with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.