Vincent DI CARLO and Mrs. Rose M. Savarino, his wife, Plaintiffs,

v.

Francisco PACANINS; Latter & Blum, Inc.; Bernard Kansas, Defendants.

No. 5462.

United States District Court
E. D. Louisiana,
New Orleans Division.

July 22, 1958.

Albert B. Koorie, Benjamin E. Loup, New Orleans, La., for plaintiffs.

Charles F. Seemann, New Orleans, La., for defendants.

**J. SKELLY WRIGHT, District Judge.**

Plaintiffs purchased a three-family dwelling in the city of New Orleans from the defendant, Pacanins, who was represented in the offering and sale of the property by the real estate firm of Latter & Blum, Inc., through its employee, Bernard Kansas. Alleging that the property is located in a zoned area of the city limited to two-family dwellings, plaintiffs in this redhibitory action ask rescission of the sale, return of the purchase price and damages.

Redhibition is a principle peculiar to the civil law. It is the converse of the common law doctrine of caveat emptor.[1] Under it the seller warrants the thing sold against any latent defect which would have precluded its purchase had the existence thereof been known to the buyer.[2] In the redhibitory action, the buyer may ask for a rescission of the sale or reduction in the price.[3] A reduction in price may be ordered even though the vice or defect in the thing is not such as would have precluded its purchase, provided its value is diminished by the presence of the vice.[4] Where it is shown that the seller knew of the defect prior to the sale and failed to disclose it, or represented the thing to have some quality he knows it does not possess, in addition to rescission or reduction of price, the buyer is entitled to damages.[5]

On November 14, 1954 plaintiffs accepted the written offer of the defendant, Pacanins, to sell the premises for $36,500, and took title on January 6, 1955. In the written offer to sell signed by Pacanins, plaintiffs and the defendant Kansas, for the defendant Latter & Blum, it was specifically provided that the premises consisted of one upper apartment, to be occupied by the owner, and two basement apartments, rented month to month at $85 each. It was further provided that "The seller shall deliver to purchaser a merchantable title." In addition to the written representations contained in the offer to sell, the defendant Kansas represented to the plaintiffs orally that two additional basement apartments could be built into the premises, thereby increasing its revenue potential. It was the revenue potential of the premises, as well as their suitability for a home for themselves, which prompted plaintiffs to purchase the property.

The defendant Pacanins knew that the premises in question were in violation of the city ordinance limiting structures in the area to two-family dwell-

1. See 13 Tulane L.Rev. 96.

2. LSA–C.C. Art. 2520 provides:
"*Redhibition* is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
LSA–C.C. Art. 2529 provides:
"A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase."

3. LSA–C.C. Art. 2541 provides:
"Whether the defect in the, thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price."

4. See Note 3. See also LSA–C.C. Art. 2543 which provides:
"The purchaser who has contented himself with demanding a reduction of the price, can not afterwards maintain the redhibitory action.
"But in a redhibitory suit, the judge may decree merely a reduction of the price."

5. LSA–C.C. Art. 2547 provides:
"A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess, comes within the definition of fraud, and ought to be judged according to the rules laid down on the subject, under the title: *Of Conventional Obligations*.
"It may, according to circumstances, give rise to the redhibition, or to a reduction of the price, and to damages in favor of the buyer."

ings. Pacanins had been advised to this effect by representatives of the City of New Orleans shortly before the sale to these plaintiffs was made. The defendants Latter & Blum and Bernard Kansas also knew of the two-family limitation on homes in the area. The listing records of Latter & Blum specifically showed the zoning classification of the property. Nevertheless, the three defendants, Pacanins, Latter & Blum and Kansas, allowed these plaintiffs to remain in ignorance of this circumstance, and these plaintiffs relied on the representations of these defendants as to the availability of the premises as a multiple party dwelling. Plaintiffs' first knowledge of the premises violation of the city ordinance came several weeks after the sale of the property when plaintiffs were interrupted by city authorities in the construction of a third basement apartment. Plaintiffs not only were forced to stop construction, but were required to release the tenant from one of the two existing apartments.

 The fact that the property in suit was in violation of the city zoning ordinance made title thereto unmerchantable. Oatis v. Delcuze, 226 La. 751, 77 So.2d 28. Defendants, therefore, have breached an express warranty contained in the offer to sell. The vice in the title constituted a redhibitory defect which gave rise to a right in the plaintiffs to rescission of the sale or a reduction of the price. LSA–C.C. Arts. 2520, 2541. In view of the fact that the defendants knew of the defect in the title prior to the sale, and failed to disclose it, the plaintiffs are entitled to damages as well. LSA–C.C. Art. 2547. There was no duty on the part of plaintiffs to inquire as to the zoning classification of the premises. They had a right to rely on the warranty of the vendor and the realtors that the title to the property was marketable. Overby v. Beach, 220 La. 77, 55 So.2d 873.

 The real problem in this case is the remedy to which the plaintiffs are entitled. Plaintiffs have been occupying the premises since January, 1955. The third family dwelling contained therein, formerly vacated on orders of the city authorities, is now occupied by the plaintiffs' daughter and son-in-law under a provision in the ordinance which allows an immediate member of the family so to do. It appears, therefore, that the plaintiffs have made an adjustment which, while giving them less than they are entitled to, nevertheless moves a court of equity to provide a remedy under the Civil Code which will do substantial justice in the premises. Under the Code, even in cases of fraud, the Court may order a reduction in price and damages rather than a rescission. LSA–C.C. Arts. 2543, 2547; Templeman Bros. Lumber Co. v. Fairbanks, Morse & Co., 129 La. 983, 57 So. 309. LSA–C.C. Art. 2541 provides that the buyer may demand reduction of the price if the defect in the thing sold "be such as merely to diminish the value," as distinguished from rendering the thing "useless and altogether unsuited to its purpose," which condition, of course, would call for rescission. The defect in suit here does not render the property useless or altogether unsuited to the purpose for which it was purchased. Considering all of the circumstances of this case, it would appear that the ends of justice would best be served by ordering a reduction in price and damages [6] which the Court fixes together at $3,000, for which all three defendants shall be jointly and severally liable.[7]

6. LSA–C.C. Art. 1934, subd. 2 provides:
"When the inexecution of the contract has proceeded from fraud or bad faith, the debtor shall not only be liable to such damages as were, or might have been foreseen at the time of making the contract, but also to such as are the immediate and direct consequence of the breach of that contract; but even when there is fraud, the damages can not exceed this."

7. See LSA–C.C. art. 3018; Oatis v. Delcuze, supra; Todd v. Bourke, 27 La. Ann. 385.