Vincent DI CARLO and Mrs. Rose M. SAVARINO, his wife, Appellants,

v.

LATTER & BLUM, INC., Bernard Kansas, and Francisco Pacanins, Appellees.

LATTER & BLUM, INC. and Bernard Kansas, Appellants,

v.

Vincent DI CARLO and Mrs. Rose M. SAVARINO, his wife, Appellees.

No. 17568.

United States Court of Appeals Fifth Circuit.

May 13, 1959.

Rehearing Denied July 20, 1959.

Albert B. Koorie, Benjamin E. Loup, New Orleans, La., for appellant Di Carlo et al.

Charles F. Seemann, Robert U. Blum, New Orleans, La., for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.

PER CURIAM.

Plaintiffs, resident citizens of New Orleans, Louisiana, asserting federal jurisdiction under the provisions of 28 U.S.C. § 1351,[1] and alleging that they had been induced by fraud to purchase a certain property in the City of New Orleans, brought this suit as a redhibitory action against the defendant-appellee Pacanins, the duly recognized Consul of the Republic of Venezuela at New Orleans, as vendor, joining in it his agents in the sale, Latter & Blum, Inc., a Louisiana corporation, and its employee, Bernard Kansas, a resident and citizen of Louisiana.

The defendant Pacanins answered denying the claims against him. The defendants Latter & Blum and Kansas

---

1. "§ 1351. Consuls and vice consuls as defendants.

   "The district courts shall have original jurisdiction, exclusive of the courts of the States, of all actions and proceedings against consuls or vice consuls of foreign states. June 25, 1948, c. 646, 62 Stat. 934, amended May 24, 1949, c. 139, § 80 (c) 63 Stat. 101."

urged that the court was without jurisdiction as to them because of the lack of diversity of citizenship and, subject thereto, joined issue by denying plaintiffs' allegations. Thereafter the cause proceeded to trial on the merits, and the district judge finding for the plaintiffs and awarding them a reduction in price and damages rather than a rescission, made and filed an opinion [2] holding defendants jointly and severally liable and gave judgment against them for $3,000.

Defendant Pacanins did not appeal. Plaintiffs, however, appealed asking that the judgment be reversed and rescission awarded or, if not, that the damages were insufficient and should be increased to $13,786.88.

Defendants Latter & Blum and Kansas have also appealed, assigning as error the failure of the court to dismiss the suit against them for want of federal jurisdiction, and, in the alternative, that if there was jurisdiction, no case was made against them and the judgment against them should be reversed and rendered.

Assuming that there was jurisdiction, we find ourselves in complete agreement both with the results reached and the reasons given therefor in the excellent opinion of the district judge, and if there was jurisdiction, we are in no doubt that the judgment should be affirmed throughout.

No case has been cited to us, we have found none dealing with facts of the kind presented here. Upon consideration, however, of the jurisdictional question in the light of the appellants' motion to dismiss and of our own investigation, and giving fullest effect to, without approving, the opinion in Froment v. Duclos, D.C., 30 F. 385, on which appellants rely, we are of the clear opinion that, since as to appellees-appellants, Kansas and Latter & Blum, there was present in the suit neither diversity nor a federal question, the judgment must be reversed on their appeal, and the cause remanded to the district court with directions to

dismiss the suit as to them for want of jurisdiction.

Affirmed in part and reversed and remanded in part.

---

2. Di Carlo v. Pacanins, D.C., 164 F.Supp. 841.