SAMUEL, Judge.
This is a suit by a landlord against the tenant for damages under a written three year lease of a residence in the City of New Orleans. The pertinent provisions of the lease obligate the defendant: to return the premises “broom clean and free from trash, and in like good order as received by the actual delivery of the keys to Lessor or Agent, the usual decay, wear and tear excepted”; not to drive nails into the walls or woodwork, the lessee being responsible for any damage to walls or woodwork; and to keep the lawns and garden in proper condition. Prior to trial the original plaintiff died and her heirs, her husband and sister, were substituted as plaintiffs.
Plaintiffs’ petition seeks the following items of damages: (1) 75% of the cost of patching plaster and repainting walls and ceilings damaged, $988.60; (2) repairing damaged radiator, $22.00; (3) opening locked doors and repairing locks, $11.79; (4) replacing broken tile and cleaning, $101.00; (5) refinishing floors, $380.00; (6) replacing missing prisms, $11.75; (7) replacing medicine cabinet shades, $7.00; (8) replacing heating elements and handles, $10.00; (9) replacing broken window glasses, $12.70; (10) replacing radiator flanges, $5.50; (11) hauling away trash and neglected plants, $25.00; and (12) loss of rent for the month immediately following the end of the lease term, $250.00.
There was judgment in the trial court allowing items 2, 3, 7 and 9 in full and allowing item 1 to the extent of $617.87, item 4 to the extent of $50.50 and item 10 to the extent of $2.50. The judgment disallowed items 5, 6, 8, 11 and 12. Defendant has appealed seeking a disallowance of all items of damages. Plaintiffs have answered the appeal seeking the full amounts originally claimed.
The evidence on behalf of plaintiffs consisted of various exhibits and the testimony of the original plaintiff’s husband and five workmen who made repairs. Five witnesses testified for the defendant: the defendant himself, his wife, two neighbors and one person who assisted defendant in moving and cleaning at the termination of the lease. With one exception only questions of fact are involved. The sole question of law results from a defendant contention concerned with plaintiffs’ failure to produce an apparently available witness.
The major part of plaintiffs’ evidence consisted of the testimony of the original plaintiff’s husband. The testimony of the workmen who had done the repairing was concerned chiefly with the work actually done by them. The important questions of fact involved the condition of the premises at the time defendant began his occupancy and its condition at the termination of the lease. Most of the testimony is contradictory and the questions of fact involve the credibility of the witnesses. Our established jurisprudence is that on questions of fact involving the credibility of witnesses the trial court will be reversed only for manifest error. See Liddell v. New Orleans Public Service, Inc., La.App., 128 So.2d 80, 86. And after a careful reading of the entire record we find no such error.
*330 'Item 1, the.dargest single claim, is for repairing plaster and repainting walls and ceilings. In connection with this item the defendant-and his wife admitted that some, of those damages, such as crayon marks, drawings .and ink spots on the walls were caused by their five.children who were 14 years or younger at the time defendant moved1 info the1 premises. They also admitted''that Some'of the damages included in'item 1 resulted, or could have resulted, from • the fact that they had hung various pictures and á -mirror, had constructed a new mantle and had installed an air conditioning unit.' The -workman who did the principal part of the work involved with plastering and repainting the walls and ceilings testified that in his opinion approximately 50% of those repairs were occasioned by ordinary wear and tear. The trial 'court award of $617.87 for item 1 is 50% of the actual cost of repairing plaster and repainting walls and ceilings.
We find it unnecessary to discuss the other items in detail. There is sufficient testimony, admissions made by defendant ,witnesses as well as testimony offered by the plaintiffs, to support the award of items 2, 3, 7 and 9 in full and of items 4 and 10 in part. The total amount awarded for those, items is $108.99. Similarly there is sufficient testimony to support the disallowance of items 6, 8 and 11, totaling $46.75. As to item 5, the claim relative to refinish-jng floors,. the testimony preponderates to ;the effect- that the floors were in need of .the repairs at the time defendant moved into the premises. As to item 12, the de•fendant vacated the premises prior to the end. of the lease term, immediately attempt,ed to make return of the keys and was prevented f-r.om making.such a return by the fact that the original and the substituted plaintiffs were out of town at that time. In -addition, especially in view of the fact that -there were needed repairs not occasioned by the defendant and that the repair work was riot done until after the month for which plaintiffs claim loss of rent, there is no showing that the premises could have been rented during the course of that month.
The defendant contention relative to plaintiffs’ failure to produce an available witness arises from the fact that the sister of the original plaintiff, herself a substituted plaintiff, was not called as a witness and no explanation was given as to her absence. The record establishes that this lady actually went through the premises during the latter part of the lease term while showing the property to prospective tenants. Defendant relies upon the rule of evidence to the effect that the failure to call an available witness, who possesses peculiar knowledge concerning facts essential to a party’s case, raises the inference or presumption that the testimony of the witness not called would not sustain the party’s contention and would prove detrimental to his cause. See Bates v. Blitz, 205 La. 536, 17 So.2d 816; Haynes v. Modern Woodmen of America, La.App., 135 So.2d 548; Oatis v. Delcuze, 226 La. 751, 77 So.2d 28; Morello v. Viola, La.App., 66 So.2d 29; Ensminger v. New Orleans Public Service, La.App., 65 So.2d 402; Storm v. Johnson, La.App., 23 So.2d 639.
The rule is not applicable in the instant case. The record does not show that the absent witness was familiar with the condition of the premises at the time defendant began his occupancy, nor does it reveal the extent of her knowledge as to that condition at the termination of the lease. She was not in an advantageous position to observe damages and defects while showing the property to prospective tenants due to the fact that the premises were completely furnished at that time. The record therefore does not establish that she could have testified to the amount of damages occasioned by defendant’s occupancy. In addition, there is no indication that she was qualified to testify relative to what proportion of the damages was occasioned by ordinary wear and tear. As we have set out above, there are sufficient admissions on the *331 part of the defendant and his witnesses to justify the awards made. And, of course, the defendant does not complain about those which were denied.
The judgment appealed from is affirmed.
Affirmed.