MILLER, Judge.
Mr. and Mrs. Jack Montgomery seek damages alleging a breach of their contract with the Department of Highways. The contract was executed April 15, 1964, after the parties amicably arrived upon terms and conditions for the State’s acquisition of a right of way for the widening of Louisiana Highway 6.
As part of the consideration for the right of way, the contract provided that:
“The Department shall remove Vendor’s wood frame residence, and all appurtenances thereto, located within the limits of the hereinabove described property, * * * and shall relocate same upon Vendor’s remaining property at a location not to exceed 350 feet from its present location.”
Prior to executing this contract, the Mont-gomerys had requested clarification of the above provision, and received a letter dated April 6, 1964, styled “ * * * a copy of the contract between Jack Montgomery and the State of Louisiana, Department of Highways.” This letter, signed by the Head Right of Way Agent, stated:
“Buildings or structures shall be prepared for moving, removed and placed in their new locations, as shown on the plans or as designated by the engineer, and left plumb and level and in as good condition in all respects as originally found. All units removed and relocated shall be placed on foundations of the same type and character as the original foundation.
All privies, wash houses, garages, and other outbuildings, cisterns, wells,' septic tanks and other appurtenances used in conjunction with a building or structure shall be removed and relocated. The contractor shall also remove and rebuild existing yard fences, driveways and walks and extend same as necessary. Existing shrubbery shall be removed and replanted at the new locations designated by the engineer. All of the above shall be considered as appurtenances and appliances to the buildings or structures indicated on the plans to be removed and relocated.”
Plaintiffs alleged that some of the work was not performed and other work was performed in an unworkmanlike manner.
The Department of Highways third partied the contractor who allegedly undertook to fulfill the terms of this contract. By joint stipulation of all parties, which stipulation was approved by the court prior to trial, the third party claim was severed from the principal action and was to be handled “by separate trial and disposition.” Tr. 45. Counsel for the third party defendant did not participate in the trial.
*599 The trial court assigned carefully considered and detailed written reasons denying most of plaintiffs’ claim, but rendered judgment to Mrs. Montgomery and against the Louisiana Department of Highways in the amount of $871.20 ($500 for damage to the wood frame residence; $135 for fencing; $40 for loss of a tool shed; $96.20 for loss of shrubbery; and $100 for improperly installed septic tank field lines), together with legal interest from judicial demand and all court costs.
Judgment was also rendered in favor of the Department of Highways in the same amount on its third party demand against the contractor. From this judgment the contractor appealed suspensively and the Department of Highways has appealed de-volutively. Plaintiffs answered the appeal and seek to have the award increased.
Since the third party demand has not been tried, the judgment against the contractor must be reversed, and that cause of action is remanded for further proceedings.
LSA-CCP Art. 1038 authorizes the trial court to order separate trials of the principal and -incidental actions, either on exceptions or on the merits; and after adjudicating the action first tried, shall retain jurisdiction for the adjudication of the other. “When the principal and incidental actions are tried separately, the court may render and sign separate judgments thereon. * * * ” Comment (b) notes that this procedure permits piecemeal appeals, which are always undesirable. Since the severance and the separate judgments are authorized, we proceed to consider the merits of the devolutive appeal by the Department of Highways.
Appellant has not particularized any assignments of error, but essentially complains that the trial court committed manifest error with its findings of fact. Specifically, it is contended that: (1) The property which is the subject of this dispute is the separate property of Mrs. Jack Montgomery and that the Department of Highways had no contractual obligation to Jack Montgomery; (2) Mrs. Montgomery did not appear as a witness and it is therefore presumed that her testimony would not favor her cause; and (3) Plaintiff failed to prove any damages.
It appears to be conceded that the property belonged to Mrs. Montgomery’s separate estate. But there is no showing that this property is being administered by the wife separately and alone. Therefore under the provisions of LSA-CC Art. 2385, the property was under the management of the husband. Furthermore, the Department of Highways styled the agreement of April 6, 1964 a “ * * * contract between Jack Montgomery and the State of Louisiana, Department of Highways.”
The unexplained failure of a litigant to call a witness who possesses peculiar knowledge essential to that party’s cause, which witness is available to him and is under his control, raises a presumption that the witness’ testimony would be detrimental to the party’s cause. Veillon v. Sylvester, 174 So.2d 189 (La.App.3d Cir. 1965). See also Levy v. Fort, 178 So. 2d 328 (La.App. 4 Cir. 1965); Mitchell v. Insurance Co. of North America, 178 So. 2d 331 (La.App. 4 Cir. 1965).
There is a presumption that Mrs. Montgomery’s testimony would have been detrimental to plaintiffs’ cause. It is our appraisal of the record that the trial court applied this rule by denying most of plaintiffs’ claim. For example, plaintiffs claimed $3,597.83 for loss of nursery stock and shrubbery. The trial court awarded $96.20.
Plaintiffs’ witnesses gave testimony supporting an award substantially in excess of that granted by the trial court, while defendant’s witnesses’ testimony would have defeated plaintiffs’ claim. This presents an issue of credibility, and we cannot say that the trial court. was manifestly erroneous as to the entire award.
*600 Mr. Everett Stephens, expert real estate appraiser, called by the State, appraised the property in February of 1964. He described the improvements as a frame house on masonary piers, asbestos and wood siding, a pine floor covered with asphalt tile in the bath and linoleum in the kitchen. It was in fair condition for its age of 20 years, and he appraised it at $2,835. He estimated that the residence would cost $3,780 to build in 1964. He added $500 for the “landscaping and shrubbery”; $225 for the value of a storeroom; and $100 for 400 feet of wire mesh garden fence.
The State paid Mrs. Montgomery $703 for the right of way which took the high ground on which her home was situated, and assumed the obligation to remove and relocate all improvements.
One or more of plaintiffs’ four witnesses testified that moving the house caused roof damage, cracks in the ceiling and walls, and improperly fitting front door and windows. Defendant’s witness was the housemover. He admitted having difficulty with some of these items, but stated that he repaired and adjusted them to a condition superior to that before moving.
After reviewing all testimony concerning damage to the residence, the court stated:
“Although the evidence as to what it should cost to repair the Montgomery residence is inadequate and indefinite it is my opinion that the plaintiffs are entitled to be paid by defendant for the cost of such repairs. Taking all the evidence into consideration it is my opinion the plaintiffs should be awarded at least $500.00 for the damages to their residence. If either the plaintiffs or the defendant feel aggrieved by such an award the court will give either party upon proper application an opportunity to introduce evidence on that issue.”
A similar observation was made concerning the court’s award of $100 for the improperly installed septic tank and field line. The evidence clearly established that the septic tank drain tile field was laid out up hill. Since there was no pump to push the water uphill, the drain tile field was of no use.
Although the court indicated it would reopen the case on either of these two issues, neither party applied for a new trial. Instead, appeals were immediately filed.
We therefore have before us a case where plaintiffs have proved that the State of Louisiana has failed to meet its obligations, but plaintiffs have failed to establish the cost of work necessary to meet these obligations.
Since the case must be remanded for the trial of the third party claim by the Department of Highways against the contractor, and since plaintiffs proved the loss but only failed to prove the value of the loss, this court will remand the claim for damage to the residence and drain tile field for evidence as to the value of these losses. LSA-CCP Art. 2164. Lemonier v. Coco, 237 La. 760, 112 So.2d 436, 438 (1959).
The awards by the trial court for the losses relating to the fencing ($135), the tool shed ($40), and the shrubbery ($96.-20), are entirely supported by the evidence, and are affirmed.
Plaintiffs’ answer to the appeal is directed primarily to the low award for loss of the alleged nursery stock. Considering the failure of Mrs. Montgomery to testify and the lack of proof that the Montgomerys operated a nursery (their neighbor across the street did not know about the nursery), we find no manifest error in the small award made for this item.
We affirm the trial court’s award to Mrs. Montgomery of $271.20 together with interest at the rate of 5% per annum from judicial demand and all costs of court.
*601 We set aside the trial court’s award to Mrs. Montgomery of (the remaining amount) $600.00, and remand the cause for the taking of evidence on the cost of repairs to the residence and septic tank drain tile field to the end that the Louisiana Department of Highways will pay for its obligations under the contract.
We reverse the trial court’s judgment granted to the Louisiana Department of Highways on its third party action against Melvin Hall, W. E. Cunningham, and A. D. McCullen, and remand this cause of action for trial. Costs of this appeal shall be paid by the State of Louisiana, Department of Highways.
Affirmed in part, reversed and remanded in part.
An Application for Rehearing.
En Banc. Rehearing denied.