Peter SCOTT; Anne Scott, husband and wife, Appellants

v.

Stephen C. TURNER; Nancy Hoke Turner.

No. 08–4451.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) Sept. 16, 2009.

Filed: Sept. 17, 2009.

Kathryn L. Simpson, Esq., Mette, Evans & Woodside, Harrisburg, PA, for Appellants.

Helen L. Gemmill, Esq., McNees, Wallace & Nurick, Harrisburg, PA, for Appellee.

Before: SLOVITER, FUENTES, and SMITH, Circuit Judges.

## OPINION

SMITH, Circuit Judge.

This case arises from a 2006 land sale agreement between Peter and Anne Scott ("the Scotts") and Stephen and Nancy Hoke Turner ("the Turners"). The Scotts sued the Turners, claiming that they breached a contract to purchase land located in Freedom Township in Adams County, Pennsylvania. The District Court granted summary judgment for the Turners. This timely appeal followed. We will affirm the judgment of the District Court.[1]

Section 403 of Freedom Township's Municipal Subdivision and Land Development Ordinance ("the Ordinance") requires roadways in the Township to meet certain specifications, including minimum right-of-way widths of 50 feet and minimum cart-way widths of 32 feet. On February 11, 1993, landowners Bradley and Mary Yohe obtained a variance to these requirements from the Freedom Township Board of Supervisors ("the Board"). That variance permitted a 16 foot wide gravel "right-of-way" connecting one segment of the Yohes' lot to Pumping Station Road. The variance excused the right-of-way's nonconformance with the Ordinance so long as certain conditions were met. First, the variance was limited to the "period of time during which the [Yohes] own[ed] all of the land." The variance did "not extend to subsequent owners." Second, if the land in question were ever "subdivided to provide for more than three residential building lots," then the variance would be "void," and the right-of-way would have to be upgraded to conform with the Ordinance.

In December of 1993, the Yohes sold a portion of their land ("Lot 2") to the Scotts, while retaining part of it ("Lot 1") for themselves. The Scotts built a residence on Lot 2, which was serviced by the right-of-way through Lot 1. The Yohes later subdivided Lot 1, such that there are currently four residential lots on the tract of land described in the variance.

In October of 2006, the Scotts agreed to sell Lot 2 and an adjoining lot to the Turners for $1.25 million. That agreement required the Scotts to convey "good and marketable" title to the land. Pursu-

---

1. The Scotts filed their lawsuit in the Adams County Court of Common Pleas. The Turners properly removed the case to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. §§ 1441 and 1446. The District Court had jurisdiction over the Turners' counterclaim under 28 U.S.C. § 1367. We have jurisdiction under 28 U.S.C. § 1291 and "exercise plenary review over the District Court's grant of summary judgment." *Shuman ex rel Shertzer v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir.2005) (internal citations omitted).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences from the evidence must be drawn in that party's favor. *Conopco, Inc. v. United States*, 572 F.3d 162, 165 (3d Cir. 2009).

ant to the agreement, the Turners paid a $50,000 deposit into escrow. Upon learning of the variance, however, the Turners refused to complete the sale. The Scotts sued the Turners for breach of contract; the Turners counterclaimed for the return of their deposit. Both parties moved for summary judgment. The District Court held that the Scotts, not the Turners, had breached the agreement by failing to provide "marketable title" to the land. The Court granted summary judgment in favor of the Turners and ordered the return of their deposit. The Scotts appealed.

Pennsylvania courts have defined "marketable" title as title "that is free from liens and encumbrances and which a reasonable purchaser, well informed as to the facts and their legal bearings ... would in the exercise of that prudence which businessmen ordinarily bring to bear upon such transactions, be willing to accept and ought to accept." *Barter v. Palmerton Area School Dist.*, 399 Pa.Super. 16, 581 A.2d 652, 654 (1990). Under Pennsylvania law, title is unmarketable if it would expose "the party holding it to litigation." *Swayne v. Lyon*, 67 Pa. 436 (1871); *see also Moyer v. De Vincentis Constr. Co.*, 107 Pa.Super. 588, 164 A. 111, 112 (1933) ("one is not compelled to purchase under an agreement for sale of real estate ... where the title is in such condition that the purchaser will be exposed to litigation"). We agree with the District Court that the Scotts' title was unmarketable because the variance permitting the gravel right-of-way expired, leaving the property owner exposed to a lawsuit by the Township to conform the right-of-way to the Ordinance. *See* Pennsylvania Municipalities Planning Code, 53 P.S. §§ 10515.1, 10515.3 (empowering municipalities to sue in law or equity to enforce subdivision and land development ordinances).

The variance clearly states that "in the event the acreage shown ... is further subdivided to provide for more than three (3) residential building lots, then this variance shall be void" and the cartway improved to conform to the Ordinance. This language does not require that the right-of-way *serve* more than three lots, as the Scotts claim. The mere creation of the fourth lot terminated the variance, to the extent that the Scotts' 1993 purchase had not already done so.[2]

The Scotts admit that there are presently four residential lots on the land described in the variance. Therefore, the variance has expired. Given the non-conforming right-of-way and the expired variance, the township could sue the owners of the property and force them to upgrade the road at any time. As a results, the Scotts' title was unmarketable, and the Turners' refusal to consummate the sale was not a breach of contract. *See Moyer*, 164 A. at 112 (holding title unmarketable where the building to be sold was built in violation of a local ordinance, as the buyer "could not take possession without immediately becoming a violator of the law and subject to suit"). Rather, the Scotts

---

2. Arguably, the variance expired when the Yohes sold part of the land to the Scotts. The variance plainly stated that it was "limited to the period of time during which [the Yohes] own all of the land ... and [did] not extend to subsequent owners." The Scotts claim that this provision should not void the variance because the Board voted in November of 2007 to honor the variance notwithstanding the 1993 sale. We need not decide the legal import of the Board's vote, since we believe that in any event, the variance expired with the creation of the fourth lot. We note that even though the Board voted not to enforce the first condition of the variance, it reaffirmed the three-lots-only condition. The minutes of the November 2007 meeting reflect the Board's continuing view that "[i]f a fourth lot was ever subdivided, (with Board approval needed) the road would have to comply with the road specifications required by the township."

breached the land sale agreement by failing to provide marketable title. We will therefore affirm the District Court's order granting summary judgment for the Turners.