# Berger v. Weinstein, Appellant.

*Deeds—Covenants—Quiet enjoyment — Encumbrances — Violation of building laws.*

Where an owner of a building on a city lot, constructs an addition to the building in such a way as to violate the law relating to party walls, and thereafter conveys the land to another by a deed containing the usual words "grant, bargain and sell," and subsequently the purchaser on notice from the city reconstructs the wall, so as to comply with the law, the latter cannot recover the cost thereof from his grantor on the ground that the grantor had violated either the covenant for quiet enjoyment or the covenant

against encumbrances implied in the granting words of the deed under the Act of May 28, 1715, 1 Sm. Laws 94.

Argued Oct. 8, 1915. Appeal, No. 318, Oct. T., 1914, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1912, No. 3274, on verdict for plaintiff in case of Max Berger v. Charles Weinstein, et al. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Assumpsit for breach of covenant. Before PATTERSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $283.53. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*H. Stern,* of *Stern & Wolf,* with him *Monaghan & Phillips,* for appellants.—There was no breach of the covenant against encumbrances: Real Est. Corporation v. Harper, 174 N. Y. 123; Cemansky v. Fitch, 121 Iowa 186; Newcomb v. Fielder, 24 Ohio 463; Bowers v. Narragansett Real Est. Co., 28 R. I. 365; Flajole v. Schultze, 80 Wash. 483; Shafer v. Greer, 87 Pa. 370; Lafferty v. Milligan, 165 Pa. 534; Wood's Est., 15 W. N. C. 94; King's Est., 18 W. N. C. 155.

As far as the covenant for quiet enjoyment, implied by the Act of 1715, is concerned, it is sufficient to say that that covenant is one against disturbance by the vendor and those claiming under him: Seitzinger v. Weaver, 1 Rawle 377.

*Paul C. Hamlin,* with him *Albert L. Moise* and *A. J. & L. J. Bamberger,* for appellee, cited: Gratz v. Ewalt, 2 Binney 94; Seitzinger v. Weaver, 1 Rawle 377;

Wood's Est., 15 W. N. C. 94; King's Est., 18 W. N. C. 155; Lafferty v. Milligan, 165 Pa. 534; Peters v. Grubb, 21 Pa. 455; Hoeveler v. Fleming, 91 Pa. 322.

OPINION BY HENDERSON, J., May 9, 1916:

The plaintiff's action is brought on the implied covenant against encumbrances and for quiet enjoyment arising from the words "grant, bargain and sell" in a conveyance of real estate.  The defendants were the owners of a house and lot on Seventh street in the City of Philadelphia.  Desiring to convert the attic into rooms and to make certain changes in the first story a contract was entered into by Albert H. Lieberman, in behalf of himself and his cotenants, with a contractor for the improvements proposed.  The general plan included the heightening of a party wall to the extent of three feet in order that a flat roof might be constructed on the building.  Specifications for the work were general in character and the parties apparently depended on their verbal understanding or on the integrity of the contractor for the satisfactory performance of the work.  The agreement with the contractor provided that all work be done in accordance with the rules and regulations of the Bureau of Building Inspection.  The addition constructed on the top of the party wall was made of brick and was four inches in thickness.  Some time after the improvements had been completed the defendants conveyed the property to the plaintiff.  After he had been in possession of the premises for a time complaint was made by an adjoining owner that the party wall was not built in conformity with the Act of May 5, 1899, P. L. 193; that it should have been nine inches thick; whereupon a proceeding was instituted before a magistrate against him to recover the penalty provided in Section 52 of the act because of his maintenance of the wall.  Without desiring to go to trial and after some negotiation with a building inspector it was arranged that the plaintiff should cause the wall to be made

thicker and the proceeding for the penalty was withdrawn on the payment of the costs. In accordance with this arrangement the plaintiff changed the wall to conform to the demand of the inspector and for the expense incident thereto and the cost paid to the magistrate this action was brought. It is charged in the statement of claim that there was a breach of the covenant with respect both to encumbrances and quiet enjoyment. The learned trial judge instructed the jury that if they found that the house which the plaintiff bought from the defendants had a four-inch wall instead of a nine-inch wall as required by the building laws and the four-inch wall was constructed by the contractor of the defendants while they were the owners and was covered up so that its real thickness could not be discovered the plaintiff was entitled to recover. It is not clearly stated in the charge whether the case was submitted on the theory of an existing encumbrance or of disturbed possession, but the opinion of the court on the defendants' motion for judgment n. o. v. disposes of the case on the theory of an encumbrance, and this is the footing on which it must stand, if any cause of action exists, for the covenant for quiet enjoyment extends to the possession and not to the title, and is broken only by an entry and expulsion from, or some disturbance in, the possession because of a paramount title: Howell v. Richards, 11 East 641; Whitbeck v. Cook, 15 Johns R. 490; Webb v. Alexander, 7 Wend. 281; Rawle on Covenants for Title 165; Ellis v. Welch, 6 Mass. 246. It was said in Frost v. Earnest, 4 Rawle 85, that "the covenant for quiet enjoyment is designed to indemnify the vendee for a lawful eviction by reason of defect of title in vendor and any disturbance thereupon." The grant implies quiet possession pursuant to the title and the right of action arises when there is a breach of the covenant by a lawful interruption of the possession. The plaintiff was not evicted; there was no disturbance of his possession. The alteration was made by himself while he continued in the occupancy of the

premises. There was neither dispossession nor any proceeding tending to that result.

Do the facts averred in the statement and disclosed by the testimony constitute an encumbrance within the covenant? An encumbrance is any right to, or interest in, land which may subsist in third persons to the diminution of the value of the estate of the tenant but consistently with the passing of the fee: Cemansky v. Fitch, 121 Ia. 186; Prescott v. Truman, 4 Mass. 627; Huyck v. Andrews, (N. Y.) 3 L. R. A. 789; 2 Greenleaf Ev. Sec. 242; Mitchell v. Warner, 5 Conn. 527; Carter v. Denman, 3 Zabriskie 273; Rawle Cov. for Title 112. Familiar illustrations are mortgages, judgments and other liens, leases, executory contracts of sale and taxes assessed. Some easements have been held to be encumbrances because of their nature and the fact that they are appurtenant to the land: ways, water rights and the like. But whether lien, easement or otherwise the impediment is a right to, or interest in, land. The covenant against encumbrances is in præsenti and is broken when the deed is delivered, if broken at all. It does not include charges created after the execution of the contract: Funk v. Voneida, 11 S. & R. 109. It is not claimed that any lien existed at the time the defendants conveyed the property, nor was there any easement. The defect alleged was a condition of a portion of the party wall in violation of the building law. This was a condition which, if it existed, the law authorized the proper authorities to suppress in the manner pointed out in the statute. This statute applies not only to owners, builders, contractors, architects or workmen, who shall make any alteration, construction or removal of any building or structure whatsoever, in violation of any of the provisions of the act, but also to any one who may become an owner thereof after the work has been done and who shall omit, neglect or refuse to remove the same "if dangerous or in violation of this act." It is the application of the police power to the regulation of buildings

and if the covenant against encumbrances includes such a case it would seem to follow as a logical consequence that in every instance where there was a conveyance of real estate, the condition of which in some respect was prohibited by a statute or ordinance, and. this condition had been brought about by the covenantor or had come into existence during his tenure, a liability for the cost of abating the condition would arise, where such abatement had taken place or for damages for the breach of the covenant, even if no abatement occurred.    With such construction of the statute every grantor of real estate with a building thereon constructed or altered or repaired by himself would become a warrantor that the building complied in all respects with the building laws or ordinances in force in the locality.    An examination of the Act of 1899, will show in how many respects the construction and alteration of buildings is regulated and in how many ways considerable or inconsiderable these regulations might be overlooked or avoided by an owner and to what an extent the owner may be under the control of the contractor with reference to the work. Some defects go to the condition of the building rather than to the quality of the title.    Although the statute creating covenants has been in existence for two hundred years our attention has not been called to a case in which an action has been successfully prosecuted on the theory advanced by the plaintiff.    The condition of the premises as to dilapidation or the existence of a nuisance or the necessity of reparation to conform to building laws has not so far as we have been able to discover ever been held to be a fact affecting the title or in the class of encumbrances.  If Woods Est., 15 W. N. C. 94, may be regarded as an authority it is only because the right of which the grantee was deprived was an easement appurtenant to the property conveyed and therefore a part of the estate.   The building was a factory; it was supplied with gas from the Philadelphia Gas Works and gas was indispensable to the operation of the plant; the gas com-

pany was under obligation to furnish a supply. Under such circumstances the act of the grantor which destroyed the gas service was an act affecting the title and diminishing the estate intended to be conveyed. Edmund's App., 19 W. N. C. 59, was a clear case of an encumbrance. There was an encroachment by an adjoining owner on the lot conveyed; he built his wall two and one-half inches over the line; the owner of the lot encroached upon filed a bill to enjoin the building of the wall. That suit was settled by the payment of $1,000 to the complainant and thereby her land became subject to the easement of the overlapping wall; she afterward conveyed her lot without any exception as to the strip encroached on by the party wall; her vendee was subsequently permitted to recover against her estate on the ground that she had legalized the encroachment within the boundary of her lot before her grant; but this conclusion would not have been reached in the absence of her compromise with the trespasser. If she had conveyed to her line she would not have been liable for the intrusion; her right to proceed against the intruder would go with her conveyance to her grantee. The intrusion which was in the first instance a trespass became a vested right by virtue of the agreement in the equity proceeding and the grantee of the lot got a title in part encumbered by the wall extending beyond the correct line. Lafferty v. Milligan, 165 Pa. 534, was a case of an encumbrance expressly created by an act of assembly. Boggs avenue in the City of Pittsburgh was improved by the municipal authorities in 1889. The act of assembly under which that work was done was declared unconstitutional in 1891, and after that decision but in the same year a curative act was passed legalizing the work done. July eighth of that year under the provisions of the curative act the court appointed viewers to assess on property abutting on Boggs avenue, the cost of curbing, grading and paving which had been done under the unconstitutional act. The re-

port of these viewers was submitted to and approved by the court November 27, 1891. On the 31st of December, of that year, Mrs. Lafferty entered into an article of agreement for the sale to Milligan of a lot on Boggs avenue and on the 8th of February, 1892, she delivered a deed of general warranty to him for the property. The curative act was in force from May 16, 1891; it made the improvements on Boggs avenue valid and binding and authorized the city to ascertain, levy, assess and collect the cost, damages and expenses of the work. The court held that the act recognized and enforced a subsisting claim for the assessment of damages to be paid and benefits to be collected. It is true there was no specific lien until the decree of the court confirming the report of the viewers but there was the liability fixed by the act of assembly and the proceeding charging the property with its definite proportion of the cost of the improvement was then in progress. The improvement was a costly one and it was evident from observation that the lot conveyed by Mrs. Lafferty would be subject to a considerable contribution. The amount could not be definitely fixed until the confirmation of the report of viewers and perhaps not until the trial of the case on a writ of scire facias, but as it was clear that it could not escape an assessment and resort had then been had to the necessary procedure to fix the amount there was an encumbrance on the land. It was suggested by the court in the opinion, however, that if the case stated had embodied as a fact that at the date of the conveyance it could not be known whether the lot would be called on to pay any assessment the case would have presented a different question. But the work had been fixed on the abutting owners by the curative act and the proportion chargeable on this lot had been judicially ascertained although not finally confirmed. This state of facts was held to constitute an encumbrance. Peter v. Grubb, 21 Pa. 455, does not aid the plaintiff's contention. That was an action on the covenant for quiet enjoyment in a lease. The

officers of the Commonwealth diverted water from the stream which supplied the mill which was a part of the leased premises. The court held that it was not necessary that the lessee be evicted from the premises and wholly deprived of the use of the water; that the covenant for quiet enjoyment was broken when a partial deprivation ensued from the lawful act of a paramount claimant. The water supply was of course a principal part of the thing demised. The diversion of water would impair the estate to a greater or less degree. If it were all taken the value of the premises as a mill would be destroyed. If it were taken for a longer or shorter time its value would be affected proportionately and where there was a loss of necessary water there was a consequent disturbance of the tenant's possession to that extent under the terms of the express covenant entered into in the lease. But neither the facts of this case nor the others referred to give support to the principle for which the plaintiff contends and which must be established to sustain the action. Different modes of procedure are provided for in the building act. That instituted against the plaintiff was a personal action for a penalty. Without waiting for a determination as to his liability he made an alteration in the wall for the cost of which he seeks to hold the defendants. The case as we view it lacks the elements necessary to support an action under the grant, bargain and sell clause of the deed and allegation of the existence of encumbrances or the disturbance of quiet enjoyment by a paramount right.

The judgment is reversed.