## Kraft v. Hankin

*George M. Elsesser, Jr.*, for plaintiff.

*Markowitz, Liverant, Boyle, Rauhauser & Kagen,* for defendants.

ANDERSON, J., March 11, 1957.—This case, arising on preliminary objections to plaintiffs' complaint, presents a novel and interesting question. In December 1955, plaintiffs purchased a property in the City of York from defendants, and received from them a general warranty deed containing the usual "grant and convey" clause. Plaintiffs in their complaint state that defendants, at the time of the delivery of the deed, were not seized in fee simple of the aforesaid premises, free and clear of all liens and encumbrances in that the

said property was not connected to the sanitary sewer of the City of York and was in dereliction of an ordinance known as Ordinance No. 26 of the Session of 1916 of the City of York. Plaintiffs claim that as a result of this ordinance there was an encumbrance and lien against the said property and that defendants did not comply with the general warranty provisions set forth in the aforesaid deed. Plaintiffs seek to recover from defendants the sum which they were compelled to expend in order to connect with the sanitary sewer in compliance with the aforesaid ordinance.

Defendants' preliminary objections assert that the complaint does not state that defendants specifically warranted that the premises were connected to the sanitary sewer, nor does it set forth an encumbrance in favor of the City of York. The former contention is apparently correct but of no moment since this is not an action in deceit. The latter objection is a pertinent one for, if correct, plaintiffs' action fails. Actually the complaint does state in paragraph V that "at the time of the in-sealing and delivery of said deed said premises were subject to an encumbrance in favor of the City of York". This would perhaps be a sufficient allegation to dispose of defendants' objection from a purely technical viewpoint, since for the purpose of passing on preliminary objections every allegation in plaintiffs' statement must be accepted as true: Byers v. Ward, 368 Pa. 416. But since plaintiffs continue in paragraphs VI and VII to show how the encumbrance arose, and as this is the vital point in controversy, we deem it proper to pass upon this phase of the case.

It was generally agreed at the argument that the real question involved is whether the fact that the city ordinance was not complied with raises an encumbrance against the property conveyed in the deed. Plaintiffs assert that it does and defendants contend to the contrary. The gist of the ordinance is to the

effect that all owners of improved property in the city must connect with the sanitary sewage system of the city and upon failure so to do after notice, the same may be done by the city and the cost thereof, plus a 10 percent penalty, may be levied and collected from the owner, which amount shall be a lien upon the premises from the time of the completion of the work. Defendants submit that this charge so arising is not an encumbrance under the general warranty and "grant and convey" clause in the deed, especially since the lien was not specifically as such in existence at the time of the transfer and rely largely on Berger v. Weinstein, 63 Pa. Superior Ct. 153. Counsel agree that the precise question involved has not been passed upon heretofore nor does our own research disclose that it has.

An encumbrance is any right to, or interest in, land which may subsist in third persons to the diminution of the value of the estate of the tenant but consistent with the passing of the fee. Familiar illustrations are mortgages, judgments and other liens, leases, executory contracts of sale and taxes assessed. Some easements have been held to be encumbrances because of their nature and the fact that they are appurtenant to the land, ways, water rights and the like. But whether lien, easement or otherwise the impediment is a right to, or interest in, land. The covenant against encumbrances is in praesenti and is broken when the deed is delivered, if broken at all. It does not include charges created after the execution of the deed: Berger v. Weinstein, supra. And while it has been generally held that the right of a municipality to demand and receive from the owner of land payment on a front foot basis for the proportionate cost of sewer construction whenever the owner should apply for a permit to connect buildings on the land with the sewer is not a lien or encumbrance on the land within the

meaning of a covenant to convey the land free and clear of liens and encumbrances (Seaboard Construction Co. v. First National Bank & Trust Co. of Bethlehem, 55 D. & C. 55), it seems equally clear that where the owner does not have an election or choice but is compelled by law to connect with the system that such a mandatory ordinance does create an encumbrance.

Where it appears that the owner of a house and lot will not be compelled to connect with a sewer in the street on which the premises front so long as a private sewer remains in existence, the cost that a proposed purchaser of the land would be put to it if he elected, and only if he elected, to connect the premises with the sewer in the street, does not constitute an encumbrance within the meaning of the words in articles of sale, if it appears that there is no existing ordinance requiring such connection to be made: Perkinpine v. Hogan, 47 Pa. Superior Ct. 22. It would therefore follow that where there is an existing ordinance requiring a connection, an encumbrance is created, which is precisely the situation in the case at bar.

In addition, although this does not effect the validity of the encumbrance, the ordinance goes on to provide for a substantial fine or imprisonment upon failure to comply with the ordinance. This is not a case of a charge which may or may not come into being, depending upon the inclination of the owner, but rather it is a distinct charge on the property imposed by city ordinance payable upon notice to the owner by the city and consequently it is "in praesenti" and violates the general covenant implied in the deed against encumbrances. It was a known encumbrance at the date of the conveyance although afterward made certain in amount. So an inchoate right of dower, which could become consummate only on the contingency of the survivorship of the wife, has been held to be an encumbrance. An encumbrance is not necessarily a lien de-

terminate in amount: Lafferty v. Milligan, 165 Pa. 534.

The distinction between this case and the Berger v. Weinstein case, supra, relied on by defendants, is quite obvious. In the Berger case the purchaser discovered that an addition to a party wall had been made by his grantors which did not comply with the building laws and upon an action being brought against him for the penalty provided in the law, he reconstructed the wall, paid the costs of the proceeding, which was withdrawn, and brought suit against his grantors for the incident expense and costs on the theory of breach of covenant as to encumbrances and of quiet enjoyment implied in the deed. The court held he could not recover on the theory that to so hold would make every grantor of real estate who constructed, altered or repaired a building thereon, a warrantor that the building complied in every respect with the building laws or ordinances in effect in the community, which would be a practical impossibility. In addition it is to be noted that here the owner was merely prosecuted for failure to comply with the existing regulations and law. There was no legislation authorizing the city to correct the defect and file a lien for the costs, as in the present case. It may be that the time element here involved may be significant but this is not determinable from the pleadings filed.

We therefore conclude that the preliminary objections as filed must be dismissed, and enter the following order.

### Order

And now, to wit, March 11, 1957, the preliminary objections of S. James Hankin and Nova M. Hankin, his wife, filed October 23, 1956, to plaintiffs' complaint, are overruled and dismissed, and the defendant is allowed 20 days to file an answer on the merits. An exception is granted.