Brunke and wife, Appellants, vs. Pharo, Respondent.*

*March 7—April 8, 1958.*

* Motion for rehearing denied, with $25 costs, on June 3, 1958.

For the appellants there were briefs by *Blakely, Long, Grutzner & Jaeckle* of Beloit, and oral argument by *J. R. Long.*

For the respondent there was a brief by *Field, Rikkers & Brickhouse* of Madison, and oral argument by *John B. Brickhouse.*

FAIRCHILD, J.   This court has held that a restriction imposed by law on the use of real estate is not an incumbrance. *Miller v. Milwaukee Odd Fellows Temple* (1932), 206 Wis. 547, 240 N. W. 193. The opinion suggested that a charge against premises by reason of a violation of a zoning ordinance would be an incumbrance.

"However, the existence of improvements requiring alterations or removal in order to comply with either public or private restrictions appears to be an incumbrance." 4 American Law of Property, p. 813, sec. 18.82.

In *Lohmeyer v. Bowers* (1951), 170 Kan. 442, 227 Pac. (2d) 102, the court decided that location of a structure in violation of a zoning ordinance specifying a minimum distance from the rear lotline exposed the owner to the hazard of litigation and made the title doubtful and unmarketable. Similar decisions were made in *Moyer v. DeVincentis Construction Co.* (1933), 107 Pa. Super. 588, 164 Atl. 111

(location of house violated set-back provision of ordinance);
*Oatis v. Delcuze* (1954), 226 La. 751, 77 So. (2d) 28
(building with three apartments violated zoning ordinance
limiting residences to one or two families and containing
minimum rear and side-yard requirements).

Giving the complaint before us appropriate liberal con-
struction, it appears that the improvement on the premises
conveyed by defendant is an apartment building and subject
to ch. 101, Stats.; that as an apartment building its state of
repair and construction was such as to violate the building
code issued by the industrial commission to implement ch.
101; that prior to the conveyance, a representative of the
commission had inspected the premises and the commission
had determined, administratively, that the violations existed.

The building code is not a restriction upon the use of land,
as is a zoning ordinance, but a set of standards of safety
which any apartment building must meet. (Many other laws
and local ordinances contain requirements in the interest of
safety and sanitation, applicable to various types of structures.
See discussion in 1958 Wisconsin Law Review, 128, 133.)
Each day during which a violation of the building code exists
is a separate violation. Sec. 101.18, Stats. An owner is
liable for a forfeiture of not less than $10 nor more than $100
for each offense. Sec. 101.28. Thus plaintiffs, upon accepting
the conveyance and continuing the particular use for which
the structure was presumably designed or adapted immedi-
ately became violators of the law. There was not a mere
possibility that they might be compelled to alter the structure
so as to effect compliance and escape payment of forfeitures.
The issuance by the commission of its certificate demon-
strated that official action to compel alteration was imminent.

Defendant argues that compliance with the building code
and similar laws is a matter of the fitness of a building for
a particular use and that the grantee should have no right
of action unless the grantor has made a warranty on that sub-

ject. *Moran v. Borrello* (1926), 4 N. J. Misc. 344, 132 Atl. 510, involved an express provision that a building complied with state tenement-house regulations. Defendant's reasoning was used in *Berger v. Weinstein* (1916), 63 Pa. Super. 153, followed in *Stone v. Sexsmith* (1947), 28 Wash. (2d) 947, 184 Pac. (2d) 567; 21 C. J. S., Covenants, p. 955, sec. 98. In the Pennsylvania case a requirement as to minimum thickness of a wall had been violated and grantee was later compelled to rebuild the wall. In the Washington case wiring was defective at the time of conveyance and several months later, the state compelled correction of the condition. Both courts evidently considered the vast number of instances where violations of safety and sanitary regulations might exist and constitute incumbrances if they decided those cases otherwise. The situation seems somewhat different where official action has been taken before the conveyance so that enforcement action is imminent when the deed is delivered.

Plaintiffs alleged not only that violations existed, but also alleged the issuance of a certificate of inspection by the commission prior to the conveyance. We now decide only that a violation of this type of regulation with respect to which the agency charged with enforcement has begun to take official action is an incumbrance.

Defendant points to cases where obvious physical conditions of premises have been considered such notice to everyone that the parties must be considered to have fixed the terms of the transaction with those conditions in mind. *Kutz v. McCune* (1868), 22 Wis. *628, *631 (flooding of land is notice of outstanding flowage rights); *Chandler v. Gault* (1923), 181 Wis. 5, 11, 194 N. W. 33 (presence of telephone line is notice of outstanding easement, including right to trim trees). "Sometimes, however, when the actual physical conditions are apparent and are in their nature permanent and irremediable, they are held to have been within the contemplation of the parties in fixing the price and are

deemed not to be included in a general covenant against incumbrances." 14 Am. Jur., Covenants, Conditions and Restrictions, p. 548, sec. 100. We consider that violations described in the certificate of inspection are not the type of obvious physical conditions to which this rule is applicable.

*By the Court.*—Judgment reversed, cause remanded for further proceedings according to law.