90 N.J. Super. 377 (1966)
217 A.2d 642
JOSEPH B. GAIER AND SHIRLEY GAIER, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
BORI BERKOW AND EDITH BERKOW, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 23, 1966.
Decided March 7, 1966.
*378 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Norman A. Cohen argued the cause for appellants (Messrs. Cohen & Cohen, attorneys; Mr. Julius J. Feinson, of counsel).
Mr. Sam Weiss argued the cause for respondents (Messrs. Jacobson and Winter, attorneys).
*379 PER CURIAM.
Plaintiffs, who had purchased property from defendants, brought suit to recover expenditures incurred for repairs and alterations to their building in order to comply with the provisions of the Tenement House Act, N.J.S.A. 55:1-1 et seq. The Law Division granted defendants' motion for summary judgment and plaintiffs appealed. The sole issue is whether failure of the building to comply with the requirements of the Tenement House Act was a breach of the covenant against encumbrances contained in the deed.
A breach of the covenant against encumbrances is shown when the proofs establish that a third person has a right to or an interest in the land conveyed, to the diminution of the value of the land, though consistent with the passing of the fee by the deed of conveyance. Demars v. Koehler, 62 N.J.L. 203, 204 (E. & A. 1898). The covenant is in praesenti and is broken when the deed is delivered, if broken at all.
No lien, easement or right of a third person to an interest in the property existed when defendants conveyed the same to plaintiffs on December 1, 1958. Plaintiffs were not advised by the Bureau of Tenement House Supervision until April 30, 1959 that the building violated the act. We find no support in the statute for plaintiffs' contention that the violations of the statute constituted an encumbrance on the property. While the bureau could impose fines or restrict the use of the property until it was altered to comply with the statutory provisions, such restriction is not an encumbrance. Cf. Stone v. Sexsmith, 28 Wash.2d 947, 184 P.2d 567 (Sup Ct. 1947). See also Berger v. Weinstein, 63 Pa. Super. 153 (Super. Ct. 1916). Nor are we confronted here with a situation where prosecution was imminent when the deed was executed. Cf. Brunke v. Pharo, 3 Wis.2d 628, 89 N.W.2d 221 (Sup. Ct. 1958). We conclude that plaintiffs' claim for breach of a covenant against encumbrances cannot be predicated on the necessity of repair or alteration to conform to the provisions of the Tenement House Act.
Affirmed.