253 So.2d 260 (1971)
Bennie McCRAE and Elmira McCrae, Appellants,
v.
Harry GITELES and Brunelle Giteles, Appellees.
No. 71-99.
District Court of Appeal of Florida, Third District.
October 12, 1971.
Jerome S. Reisman, Miami, for appellants.
Hendricks & Hendricks, Miami, for appellees.
Before CHARLES CARROLL, HENDRY and BARKDULL, JJ.
HENDRY, Judge.
Plaintiff-appellants seek review of a final judgment dismissing their second amended complaint for failure to state a cause of action. Appellants attempted to allege a cause of action for breach of the covenant against encumbrances specifically recited in a warranty deed executed by defendant-appellees as grantors. The suit was for estimated, not expended, costs of repairs.
On July 25, 1969, appellees sold appellants a certain described parcel of land by warranty deed, duly recorded in the official records of Dade County, a copy of which was attached to the second-amended complaint. The deed provided in part, "* * * and the said parties of the first part do hereby fully warrant title to said land and will defend the same against the lawful claims of all persons whomsoever."
From the exhibits attached to the complaint, it appears that structure involved was a one-story, concrete block-stucco, one unit building.
Earlier, on May 14, 1969, the Metropolitan Dade County Department of Housing and Urban Development, Neighborhood Rehabilitation Branch first cited the instant premises for about 80 violations of the Minimum Housing Code of Dade County. However, a copy of the citation was not served upon appellees until June 3, 1969. The complaint alleged that the notice of violations was duly served under the appropriate Dade County Ordinance.
Under the ordinances, the notice of violation automatically becomes a final order in the event that no appeal from the notice of violation is filed with a Housing Appeals Board within a certain time. Also, the final order is to be recorded in the official records of the clerk of the circuit court and is to be constructive notice to, inter alia, subsequent purchasers and all persons who claim an interest therein. Penalties of fine or imprisonment or both are provided for willful violations. 1 Code of Metropolitan Dade County, Ch. 17.
*261 The appellant contends that the allegation that the above citation for violations had occurred was sufficient to allege at least an inchoate interest in the property (analogous to an inchoate dower interest which has been held to constitute a violation against encumbrances in Gore v. General Properties Corp., 149 Fla. 690, 6 So.2d 837, 141 A.L.R. 476). Appellant relies strongly upon Brunke v. Pharo, 3 Wis.2d 628, 89 N.W.2d 221 (1958); see also: George P. Stephen, "Note: Marketability of Title: Violation of Building Code as an Encumbrance," 1958 Wisconsin Law Review 640.
The specific issue raised by this appeal is whether the instant second-amended complaint states a cause of action. The appellant has contended a "minimum housing code violation [is a] breach of the covenant against encumbrance." We hold that the instant second-amended complaint fails to state a cause of action, and therefore affirm the judgment. We express the view that a housing code violation is not an "encumbrance" within the meaning of a covenant against encumbrances. Moreover, the weight of authority, with which we are in accord, is that the condition of the premises constituting the housing code violation is not an "encumbrance" within the meaning of a warranty against encumbrances. 21 C.J.S. Covenants § 98 n. 26, p. 955; contra: 4 American Law of Property § 18.82 n. 18, p. 813 (A.J. Casner ed. 1952) and Brunke v. Pharo, supra.
We begin with the proposition that the condition of the premises constituting the housing code violation is not an "encumbrance" within the meaning of a warranty against encumbrances. Stone v. Sexsmith, 28 Wash.2d 947, 184 P.2d 567 (1947) squarely holds that: "* * * there was no fraudulent concealment by any of the respondents [sellers], and that the condition of the [hotel] wiring, which the state thereafter, in the exercise of its police power, compelled to be repaired and replaced, did not constitute an encumbrance," at p. 570. Another authority is Gaier v. Berkow, 90 N.J. Super. 377, 217 A.2d 642 (1966). The New Jersey Superior Court rejected the arguments advanced in Brunke v. Pharo, supra, and affirmed a summary judgment. That case held that the failure of the building to comply with the Tenement House Act was not an encumbrance so that the claim for breach of a covenant against encumbrances could not be predicated on failure of the building to comply with the requirements of the Tenement House Act or the necessity of repair to make the building conform.
One of the first cases deciding an issue similar to the one at bar was Berger v. Weinstein, 63 Pa.Super. 153 (1916). In an appeal from a final judgment predicated upon a jury verdict in an assumpsit action for breach of a covenant against encumbrances, the judgment was reversed. In that case, a brick wall was four inches thick instead of nine, contrary to the building statute. The court stated that the violation was not an encumbrance within the meaning of the covenant. At p. 157, the court says:
"* * * [T]he defect alleged was a condition of a portion of the party wall in violation of the building law. This was a condition which, if it existed, the law authorized the proper authorities to suppress in a manner pointed out in the statute [fines].
At p. 158, the opinion states that
"* * * Although the statute creating covenants has been in existence for two hundred years our attention has not been called to a case in which an action has been successfully prosecuted on the theory advanced by the plaintiff. The condition of the premises as to dilapidation or the existence of a nuisance or the necessity of reparation to conform to building laws has not so far as we have been able to discover ever been held to be a fact affecting the title or in the class of encumbrances."
*262 The Pennsylvania court also noted the consequences of the rule advocated by the appellant herein:
"* * * With such construction of the statute every grantor of real estate with a building thereon constructed or altered or repaired by himself would become a warrantor that the building complied in all respects with the building laws or ordinances in force in the locality."
Silverblatt v. Livadas, 340 Mass. 474, 164 N.E.2d 875 (1960), upheld a directed verdict entered for the defendant-owner in an action brought for breach of a statutory covenant against encumbrances in a quit-claim deed. The court, while noting the contrary position of the Wisconsin Court in Brunke v. Pharo, supra, decided as follows:
"(a) Although the cost of any necessary repair or demolition by the city are to constitute a lien on the land, there is no similar provision with respect to the forfeiture [i.e., fine] provided in G.L.c. 143, § 9, which appears to be a penal imposition upon the `owner, lessee, or mortgagee in possession' * * * The forfeiture, or the liability to it, cannot be regarded either as an encumbrance within the statutory quit-claim covenant or as giving rise to a breach of the statutory warranty.
"(b) The contingent or inchoate lien, which might at some later time come into existence under § 9, as a consequence of the building inspector's letter of May 23, 1956, if it was an encumbrance (as to which we make no intimation), was not an encumbrance `made' by Mrs. Livadas, as opposed to one `suffered' by her. * * * we interpret `made' as implying something more than mere inaction by the grantor of the type here shown."
The Massachusetts case involved the removal of a wooden fire escape and its replacement with a metal one. The sale of the building in Lowell was consummated after several inspections by the plaintiff-buyer.
We have concluded that a building code violation of which the vendor has notice is not an encumbrance within the meaning of covenant against encumbrances. Therefore, the judgment appealed is affirmed.
Affirmed.