James **DOMER**, Appellant,

v.

Eugene R. **SLEEPER** et al., Appellees.

No. 2237.

Supreme Court of Alaska.

March 17, 1975.

George A. Dickson, Wanamaker, Dickson, Perry & Jarvi, Anchorage, and M. P. Evans, Anchorage, for appellant.

David Wolf, Nosek, Bradbury, Wolf & Schlosberg, Anchorage, for Eugene and Maxine Sleeper, appellees.

OPINION

Before RABINOWITZ, C. J., CONNOR and BOOCHEVER, JJ., and DIMOND, J. Pro Tem.

11. Merrill v. Merrill, n. 9, *supra*.

RABINOWITZ, Chief Justice.

This matter arises out of the superior court's dismissal of appellant's complaint for failure to state a claim upon which relief can be granted.

In his complaint appellant made in part the following allegations. In 1964 another named defendant, Ugiss, designed, constructed, and was the owner of a certain apartment building in Anchorage. Due to the manner of construction, the apartment structure was in violation of the 1964 Uniform Building Code. Thereafter, in June of 1970, Ugiss sold the building to the Sleepers. The Sleepers (hereinafter referred to as appellees) in turn sold, by statutory warranty deed, the apartment building to appellant in July of 1972. In the spring of 1973, the building sustained considerable fire damage. Subsequent inspections of the premises by the Department of Public Safety and the State Fire Inspector revealed existing violations of the Uniform Building Code and the Fire Safety Code of Alaska. Both the Department of Public Safety and the State Fire Marshall have ordered appellant to bring the apartment building up to code specifications.

In regard to his claim, appellant further alleged that the 1972 statutory warranty deed he received from appellees contained a covenant against encumbrances, and that the discovered violations of the building and fire codes constituted encumbrances which have rendered appellant's title to the premises unmarketable. Appellant further alleged that since these violations existed prior to his obtaining a conveyance in 1972, the title which appellees purported to convey is unmarketable and appellant is now required to expend in excess of $38,000 to gain a marketable title. By way of relief, appellant requested that appellees be held jointly and severally liable for all damages flowing from the unmarketable title they conveyed.

Appellees moved, pursuant to Civil Rule 12(b)(6), to dismiss the first claim for failure to state a claim upon which relief can be granted. The gist of appellees' legal argument was that a claim for breach of a covenant cannot be predicated on the necessity of repair or alteration to conform to building codes. In his Memorandum of Decision, the trial judge noted that under AS 34.15.030(b)(2), the statutory form of warranty deed, appellees covenanted to appellant "that at the time of making and delivery of the deed the premises are free from encumbrances." The trial court then stated:

> The parties have not cited nor has independent research discovered a case like the one at bar wherein an unknown and hidden building code violation has been held to be an encumbrance. I find that the defendants, Mr. and Mrs. Sleeper, did not violate their warranty of freedom from encumbrances by coveying to Mr. Domer this property on which was situated an apartment building with unknown building code defects.

■ Thereafter, a judgment was entered which provided in part that:

[Appellant's] . . . cause of action against [appellees] . . . is dismissed with prejudice subject to [appellant's] right to serve and file an amended Complaint within ten days from the date hereof . . . .[1]

---

1. The option to amend was included in the judgment because in the trial court's opinion "The result viewed from [appellant's] position is harsh however the concepts discussed in Note 24, pages 469 and 470, Nordin Construction Co. v. City of Nome, 489 P.2d 455 (Alaska 1971) . . . may offer relief. Specifically, reference is made to the use of the remedy of rescission."

In this particular note in the *Nordin* opinion, we referred to the "present trend of tort cases [which] . . . apply the doctrine of implied warranty of fitness to new house construction on behalf of the buyer against the builder (and even the financing institution in California)."

The superior court's judgment further provided for an award of attorney's fees in the amount of $1,000 to appellees. This aspect of the trial court's judgment is not directly in issue in the instant appeal.

This appeal followed.[2]

■ AS 34.15.030(b) provides that a warranty deed, substantially in the form set out in AS 34.15.030(a), is considered a conveyance in fee simple to the grantee with the following covenant by the grantor:

. . . (2) that at the time of making and delivery of the deed the premises are free of encumbrances; . . .[3]

Review of the legislative history of AS 34.15.030(b) reveals that this statute was taken verbatim from the laws of the State of Washington.[4] At the time Alaska's legislature enacted AS 34.15.030(b), the Supreme Court of Washington had rendered several decisions construing Washington's warranty deed statute. In Hebb v. Sever-son, 32 Wash.2d 159, 201 P.2d 156, 160 (1948), the Supreme Court of Washington defined "encumbrance"

to be any right to, or interest in, land which may subsist in third persons, to the diminution of the value of the estate of the tenant, but consistent with the passing of the fee; and, also, a burden upon the land depreciative of its value, such as a lien, easement, or servitude, which, though adverse to the interest of the landowner, does not conflict with his conveyance of the land in fee.[5]

Also of significance is the Supreme Court of Washington's decision in Stone v. Sexsmith, 28 Wash.2d 947, 184 P.2d 567 (1947), where in answer to the question whether the condition of a building's elec-

2. We note that the trial court did not comply with the provisions of Civil Rule 54(b) which relates to the entry of judgment upon multiple claims or claims involving multiple parties. In the case at bar it was only appellant's first claim for relief which was dismissed by the superior court. Civil Rule 54(b) reads in full as follows:

> When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all of the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In the interest of justice, we have determined to take jurisdiction in the case at bar despite the superior court's noncompliance with Civil Rule 54(b). *See* Jefferson v. Spenard Builders Supply, Inc., 366 P.2d 714, 715–16 (Alaska 1961).

3. AS 34.15.030(b)(1) and (3) further provide for covenants regarding the grantor's right and power to convey that the grantor is seized of an indefeasible estate in fee simple; and that he "will defend the title to

the premises against all persons claiming the premises."

4. The legislative history of AS 34.15.030 contained in the 1961 House Journal indicates that:

> This proposed law is taken verbatim from the Revised Code of the State of Washington 64.04.030 (Sec. 1) and 64.04.050 (Sec. 2). The first amendment is an omission from 64.04.050 that was not believed to be intentional; the second amendment removes a matter that is not pertinent to Alaska because we have not adopted the Washington statute dealing with after acquired titles.
> This proposed law, if adopted, will not preclude the use of other forms of conveyancing such as 'long term' warranty deeds and bargain and sale deeds.

Committee Report, 1961 House Journal, at 153.

5. Although the word 'encumbrance' is said to have no technical legal meaning, the covenant is construed broadly to include not merely liens such as mortgages, judgment liens, taxes, or others to which the land may be subjected to sale for their payment, but also attachments, leases, inchoate dower rights, water rights, easements, restrictions, on use, or any right in a third party which diminishes the value or limits the use of the land granted. However, none of the specific items mentioned will be treated as encumbrance covered by the covenants unless they come within the last two classifications.

3 A. Casner, American Law of Property § 12.128, at 463, 464 (1952).

trical wiring was an encumbrance, the court said:

> We find no support in the statute under which the state electrical inspector issued the order . . . or in any cases anywhere, for appellant's contention that the defective wiring constituted an encumbrance within the purview of an agreement to convey 'free from all encumbrance.' The state electrical inspector may, under certain conditions, 'disconnect or order the discontinuance of electrical service,' but that, while it may be an inconvenience and a restriction upon the use of the property, is not an encumbrance.
>
> While electric, plumbing, sanitary, fire, safety, and building inspectors, and perhaps others, may restrict or prohibit the use of property in the exercise of the police power, we know of no case holding that such restrictions or prohibitions constitute a breach of a covenant against encumbrances or quiet enjoyment.[6]

The Supreme Court of Washington's construction of Washington's warranty deed statute prior to Alaska's adoption of the Washington statute is of more than passing interest. In City of Fairbanks v. Schaible, 375 P.2d 201, 207 (Alaska 1962), we embraced the canon of statutory construction which provides that a statute adopted from a sister state is presumed adopted with the interpretation placed on it

by the highest court of that state prior to adoption.[7]

In agreement with the Supreme Court of Washington are McCrae v. Giteles, 253 So.2d 260 (Fla.1971), Gaier v. Berkow, 90 N.J.Super. 377, 217 A.2d 642, 643 (1966), and Berger v. Weinstein, 63 Pa.Super. 153 (1916).[8] In opposition to these authorities, appellant has cited to us, and relies heavily on, the Supreme Court of Wisconsin's decision in Brunke v. Pharo, 3 Wis.2d 628, 89 N.W.2d 221 (1958). Unlike the factual context of the case at bar, *Brunke* presented a situation where prosecution for a building code violation was imminent at the time the deed in question was executed. Given this circumstance, the court in *Brunke* held

> only that a violation of this type of regulation with respect to which the agency charged with enforcement has begun to take official action is an encumbrance.[9]

■■ In light of the legislative history of AS 34.15.030 and what appears to be the majority view, we are in agreement with the superior court's holding that an "unknown" or "hidden" building code violation does not constitute an encumbrance within the intendment of AS 34.15.030(b)(2). In the instant case, appellant's claim for relief is devoid of any allegation to the effect that appellees were aware, at the time of their convenyance to him, that there were

---

6. 184 P.2d at 569. In Gnash v. Soari, 44 Wash.2d 312, 267 P.2d 674, 678 (1954), the Supreme Court of Washington wrote:

> Appellant contends that respondents, by operating the property as an apartment house in violation of the Seattle building code, made the title to the property unmerchantable. We disagree. The fact that there were some violations of the building code did not impair the title to the property.

7. *Accord*, Nicholson v. Sorensen, 517 P.2d 766, 770 (Alaska 1973). In Beckley v. State, 443 P.2d 51, 55 (Alaska 1968), a majority of this court took the view that:

> The presumption in *Schaible* that a statute adopted from Oregon was adopted with the interpretation placed upon it by the Oregon Supreme Court prior to adoption will not

> apply where, as here, the statute being considered is clear and unambiguous and the Oregon court's interpretation of the statute, without support of any reasoning, is obviously contrary to the express wording of the statute.

8. Professor Casner notes that normally zoning and building code violations do not constitute encumbrances. 3 A. Casner, American Law of Property § 18.82, at 813 (1952).

9. Brunke v. Pharo, 3 Wis.2d 628, 89 N.W. 2d 221, 223 (1958). *See also* Note, Marketability of Title: Violation of Building Code as an Encumbrance, 1968 Wis.L.Rev. 641, 651.

> We find appellant's reliance upon zoning ordinance cases inapposite for in such cases a purchaser can readily discover whether the zoning ordinance is being violated.

existing building code violations in the subject apartment building.[10] The complaint's allegations present the situation of innocent sellers unaware of any existing building or fire code violations. In such circumstances we are disinclined to expand the definition of encumbrance to encompass building code violations. Apart from the situation of the original owner who constructs the building, a contrary rule would, in our view, generate considerable uncertainty as to the buyer's title. Further, to hold building code violations are encumbrances would impose a heavy burden on intervening purchasers since violations of the technical requirements of building codes are often difficult to ascertain once construction has been completed.

The parties offer interesting policy arguments in support of their varying interpretations of AS 34.15.030(b)(2). Appellant argues that to ensure enforcement of the legislative goals of maintenance of life, health, and safety embodied in Alaska's building codes, the burden of code compliance should be placed upon the vendor. Appellees counter with the argument that the subject is one that should be left to the bargining power of the respective parties. In appellees' view, adoption of appellant's position would only result in a dramatic shift in Alaska from the use of the statutory warranty deed to deeds which contain disclaimers of building or fire code violations. Appellees argue that enforcement of such codes can be achieved by holding builders directly liable without involving intervening innocent sellers such as appellees. While we have considered these ar-

guments, on the balance, we are persuaded that in the precise factual circumstances of this case the allegations of appellant's complaint failed to state a claim upon which relief can be granted.

The judgment of the superior court is affirmed.[11]

ERWIN and FITZGERALD, JJ., not participating.

---

10. In its findings of fact, the superior court observed that appellant's ". . . complaint contains no allegations that . . . [appellees] had any knowledge of the defects prior to the time they conveyed the property to [appellant] herein."

Nor does appellant's complaint allege that the Department of Public Safety or the State Fire Marshall had commenced official action as of July 1972 because of existing code violations.

We note that there is no requirement for findings of fact in regard to Civil Rule 12 (b)(6) motions. Civil Rule 52(a) states in part that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in Rule 41(b)."

11. We consider it equitable that appellant be given ten days from service of our mandate within which to file an amended complaint, in accordance with the option to amend included in the judgment below (see note 1 *supra.*)